# Clark *against* Monongahela Navigation Company,

If an act of incorporation require the payment of five dollars upon each share, to the commissioners, at the time of subscribing for the stock, without such payment the contract of subscription is void: but if the subscriber subsequently exercise the rights of a stockholder, by voting for managers, he will thereby be estopped from denying the validity of his contract, in an action upon it, to compel the payment of the amount of stock subscribed by him.

The omission of the commissioners appointed by the act of March 31, 1836, to take subscriptions for the stock of the Monongahela Navigation Company, to require the payment of five dollars upon each share, from each subscriber, was an irregularity which was cured by the act of June 24, 1839.

The amendment of a charter, at the instance of the managers, will not affect the liability of a subscriber for stock, to pay the amount subscribed for by him.

ERROR to the district court of *Allegheny* county.

Monongahela Navigation Company against Thomas S. Clark. This was an action on the case to recover from the defendant the amount of stock subscribed for by him in the said company. The defence was, that the commissioners who received the subscription of stock, did not require the payment of five dollars upon each share at the time of subscribing, as prescribed in the act of incorporation, and therefore the contract was void. The defendant also contended, that inasmuch as the act of June 24, 1839, in several of its provisions changed the provisions of the original act of incorporation, he would thereby be relieved from all liability which he was under to pay his subscription. The plaintiff in answer to this, exhibited in evidence a written proxy of the defendant dated in *1838,*

[Clark v. Monongahela Navigation Company.]

by which he had voted for managers at the election:—also read the act of assembly of the 24th of June 1839, the first section of which, as contended, cured the irregularity; it was as follows:—" That any defect or irregularity in the proceedings of the commissioners appointed by the act, entitled, ' an act to authorize the governor to incorporate a company to make a lock navigation on the river Monongahela,' passed the 31st day of March, 1836, in taking subscription to and organizing the said Company, and any defect or irregularity in the proceedings of the board of managers of said company, in organizing and conducting the affairs of the same, so far as the said defect or irregularity may have proceeded from the neglect or omission of the said commissioners and board of managers, fully to comply with the requisitions of the proviso to the first section of said act, shall be and the same are hereby remedied and supplied; and the acts and proceedings of the said commissioners and board of managers, which were in contravention of the said proviso, shall be and they are hereby declared valid and legal, as if the same had been fully complied with."

The court below (Grier, president,) was of opinion that the act of 1839, was so vague and uncertain in its terms as to render it doubtful, whether it cured the defect occasioned by the omission of the commissioners to require the payment of five dollars upon each share at the time of subscription; but instructed the jury, that the exercise of the right of voting for managers by the defendant, was such an act as estopped him from denying the obligation of his contract of subscription; and that the alteration of the act of incorporation did not affect the defendant's liability. Verdict and judgment for the plaintiff.

*Metcalf* and *Forward*, for plaintiff in error, cited 8 *Serg. & Rawle* 219; 14 *Serg. & Rawle* 434; 13 *Serg. & Rawle* 256; 16 *Serg. & Rawle* 140.

*Williams* and *Foster*, for defendant in error, cited 2 *Penn. Rep.* 466; 1 *Penn. Rep.* 426.

The opinion of the court was delivered by

ROGERS, J.—The first section of the act, which authorizes subscriptions to the company, provides, " That every person offering to subscribe, &c., shall previously pay to the attending commissioners, the sum of five dollars for every share subscribed, out of which shall be defrayed the expenses attending the taking of such subscriptions, and other incidental expenses, and the remainder shall be paid to the treasurer of the corporation, as soon as the same shall be organized, and the officers chosen, as herein afterwards mentioned." It appears that the commissioners omitted to require a previous payment of the sum mentioned, and according to the

[Clark v. Monongahela Navigation Company.]

authority of the case of the Hibernia T. R. Co. *v.* Henderson, 8 *Serg. & Rawle* 219, recognized in subsequent cases, the contract of subscription is void.    Of this defence, the defendant now seeks to avail himself, but it is resisted by the company, on two grounds: 1st, That the right of the commissioners who failed to exact the payment, is remedied by the first section of the supplement to the original act, passed June 4, 1839; and 2dly, the defendant having acted as a corporation in giving his proxy to vote at the election of the officers of the corporation, is estopped from denying his liability to pay for his stock, and that he cannot controvert the validity of his subscription, after exercising the right and privileges conferred on him by means of it.    The opinion we entertain as to the first point, renders it unnecessary to do more than affirm the second proposition.    The commissioners, as before said, for some reason, omitted to require payment, as is directed in the proviso of the original act.    There was a defect, or irregularity, in the proceedings of the commissioners, the inconvenience of which was soon felt, and which, although it did not invalidate the charter, prevented the company from sustaining suits to recover the amount of the respective subscriptions.    This consequence worked an injury to the public generally, in retarding the completion of the work, but also to such part of the stockholders as had subscribed and paid their money in good faith.    For remedy of this palpable injustice, it is enacted, " that any defect or irregularity in the proceedings of the commissioners, appointed by the act, &c., in taking subscriptions *to,* and organizing the said company, and any defect or irregularity in the proceedings of the board of managers of the company, in organizing and conducting the affairs of the same, so far as the said defect or irregularity may have proceeded from the neglect or omission of the said commissioners and board of managers, fully to comply with the requisitions of the proviso to the first section of the said act, is remedied and supplied; and the act and proceedings of the commissioners and board of managers, which were in contravention of the proviso, are declared valid and legal, as if the same had been fully complied with."    The supplement is designed to benefit the company, and it has not been shown, that they laboured under any other difficulty, than such as arose from the omission of requiring the first payment, as enjoined by the proviso. This then, we are led to believe, was the irregularity which the legislature intended to cure.    The act is remedial, and must receive a fair construction; and we perceive no other object, within the purview of the supplement; and it seems to us, that the legislature have used apt words declarative of such intent; particularly as nothing else has been suggested, to which they can be applied. The supplement refers in express terms to the proviso, and in words, the meaning of which it is difficult to mistake, places the parties in precisely the same situation, as they would have been,

[Clark v. Monongahela Navigation Company.]

had the commissioners fully complied with the requisitions of the proviso, by an exaction of the sum of five dollars from every person who offered to subscribe for stock.

Taking the defendant to be a contractor, as has been shown in the preceding remarks, and as such, liable to pay the amount of his subscription, there is nothing in the objection, that the name of the company is changed; nor is it material, that the managers, by the supplement, are authorized to raise the height of the dams. Both provisions, and particularly the latter, are designed for the benefit of the company. The company are *permitted*—not required, to erect the dams to the height of eight, instead of being confined to four feet, as in the original act. It would be contrary to all just rules of construction, that an immaterial alteration of the charter, or one which grants a benefit to the company, made at their own instance, or, which is the same thing, at the request of the managers, should release the stockholders from the obligation of their contract.

Judgment affirmed.