## GILHAM *et al. v.* FRENCH.

### (*Supreme Court of Colorado, April Term, 1882.*)

1. EVIDENCE—DEED OF GIFT INTER VIVOS. Where the question is upon the validity of a deed of gift *inter vivos*, intended to operate in effect as a bequest charged with the debts of the donor, testimony touching the motives, reasons and inducements which moved the deceased to bestow his property in that manner, is pertinent to the issues involved in the case.

2. SAME—DISQUALIFICATION OF WITNESS. Plaintiffs sue as heirs of a deceased person. The defendant, being directly interested as grantee of the deceased under the deed in controversy, is expressly disqualified from testifying in his own behalf.

STONE, J. This suit was brought by the plaintiffs as heirs of Charles A. Gilham, deceased, to set aside a deed executed by the deceased a few hours before his death, whereby he conveyed the principal portion, if not all of his property, real and personal, to the defendant, his business partner.

The grounds of the equitable relief prayed, are the alleged mental incapacity of the grantor, at the time of the execution of the deed, to make a valid conveyance; undue influence of the defendant over the deceased, and consequent fraud in the procurement of the deed; and inadequacy of consideration to support the conveyance.

57

A trial of the issues made upon the foregoing grounds was had to a jury. After submission of the evidence in the case, plaintiffs moved to submit to the jury seventeen distinct questions, for special findings thereon, which motion was, we think, properly refused by the Court. Eleven instructions were then prayed by the plaintiffs, all of which were refused by the Court. No instructions were prayed on behalf of defendant, and none whatever were given to the jury by the Court. The Court then submitted to the jury, for special verdict, the following questions:

*First*—Did the defendant, William French, procure the deed from Charles A. Gilham to himself dated March 10, 1880, by fraud?

*Second*—Did the said French procure said deed by the exercise of undue and improper influence upon the said Gilham?

*Third*—Did Charles A. Gilham have mental capacity sufficient to comprehend and understand the effect of his act when he made said deed?

*Fourth*—If your answer to the third is "no," was there a valuable consideration passed from the defendant to Gilham for the property conveyed in the deed offered in evidence?

To the first, second and third of these questions the jury answered "no," and to the fourth they answered "yes." Thereupon plaintiffs moved for a decree as prayed in their complaint, but the Court denied the motion, and thereafter, upon motion of defendant, set aside the special finding of the jury upon the third interrogatory, and decreed a dismissal of plaintiffs' bill of complaint, from which judgment and decree the plaintiffs appeal.

It is not deemed necessary or important to pass upon all the assignments of error, but we will notice those matters only which chiefly affect the case, in view of another trial.

The deed in question, although in form an ordinary conveyance for the nominal consideration of one thousand dollars in money, was in fact, as disclosed by the testimony, a deed of gift *inter vivos*, intended to operate in effect as a bequest, charged with the debts of the donor.

This being the character of the deed, testimony touching the motives, reasons and inducements which moved the deceased to bestow his property upon the defendant rather than upon his heirs, the plaintiffs, was pertinent to the issues involved in the case.

While many exceptions were reserved to the rulings of the Court upon the admission and rejection of testimony during the trial, we need point out those only which affect the substantial rights of the appellants. If the testimony of Martin, Mrs. Sheehan, and Williams, admitted on behalf of defendant, as to the statements of the deceased respecting the future disposition of his property, and his reasons for giving it to the defendant, instead of his kindred, was competent, then the testimony of the witnesses McDonald, Biddell and Mrs. Gillum, touching the same matters, and offered by plaintiffs in rebuttal, was equally competent, and the Court erred in refusing its admission.

Since for this error in the rejection of proper testimony, the case must be remanded for another trial, we deem it proper to call attention of counsel in the case to what possibly may have been overlooked, respecting the competency of the defendant French as a witness. Although his testimony, so far as appears by the record, was given without objection, it seems to be clearly inadmissible, since by statute the disqualification of interest renders him incompetent as a witness in this case. Sec. 2952 G. L., declares that no party to any civil action who is directly interested in the event thereof, shall be allowed to testify therein of his own motion, or on his own behalf, where the adverse party sues or defends, as heir, administrator, legatee, etc., of any deceased person, unless in certain excepted cases specified in the statute. The plaintiffs here sue as heirs of the deceased, and the defendant, being directly interested as grantee of the deceased under the deed in controversy, is expressly disqualified from testifying in the case on his own behalf, since we cannot perceive that the case brings him within any of the exceptions mentioned. *Whitsitt* v. *Kershow*, 4 Colo., 419.

The instructions prayed by plaintiffs were properly refused; most of them are clearly vicious, and the few which embody the law substantially fail to state it with such precision and clearness in its application to the testimony, as to avoid misleading the jury.

For the errors appearing of record, respecting the testimony as we have pointed out, the judgment and decree of the Court below is reversed, and the case remanded. *Reversed.*

*J. W. Warner and Geo. Adams*, attorneys for plaintiffs.

*B. F. Montgomery*, attorney for defendant.