PERKINS ET AL. v. MARRS ET AL.

1. RULE OF DAMAGES FOR CONVERSION OF PERSONAL PROPERTY.— In an action for the value of personal property taken and converted, damages equal to the legal interest upon the value of the chattels converted may be allowed, and included by the jury in their verdict.

2. ERROR IN FORM OF INSTRUCTION MERELY NOT SUFFICIENT TO REVERSE.— Under Code, section 81, providing that any error which does not affect the substantial rights of the parties shall be disregarded, and that no judgment shall be reversed because of such error, a judgment will not be reversed at the instance of the defendant because of error in the form of an instruction, when no definite request was made by defendant upon the subject, and the verdict includes nothing that plaintiffs were not entitled to recover.

3. INSTRUCTING THE JURY ORALLY — WHAT RECORD MUST SHOW.— An objection that the court instructed the jury orally, without the consent of defendant, is unavailable on appeal or error when the transcript fails to show, either that the court instructed the jury orally or that defendant objected to the action of the court in that respect.

4. CURING ERROR IN VERDICT BY REMITTING PART OF SUM FOUND.— That a verdict includes the value of property not declared for in the complaint is wholly immaterial where plaintiff permits to be taken from the verdict a sum largely in excess of the value of such property.

5. CONTINUANCE OF ACTION IN NAME OF PLAINTIFF AFTER ASSIGNMENT OF HIS INTEREST THEREIN.— In trover the right to recover the value

of the property converted is not defeated by an assignment of the property by plaintiffs pending the action, where no objection is taken to the continuance of the suit in the name of the original plaintiffs, or motion made for the substitution of the assignee, it being provided by Code, section 15, that, in case of the transfer of interest, the action may be continued in the name of the original party, and shall be neither affected nor abated.

*Error to District Court of Arapahoe County.*

In 1886, Marrs, Middleton & Hunter brought this action against Perkins and Colthrop to recover the value of several horses which had formerly been the property of one John L. Alexander, who had mortgaged them to the firm to secure certain promissory notes payable to the order of Marrs & Middleton.

The notes had been transferred to the new firm of Marrs, Middleton & Hunter, who were the owners of them. The ownership of the notes, as set up in the fifth paragraph of the complaint, was not disputed. The plaintiffs declared upon their title as mortgagees, and averred the taking and conversion by the defendants. The complaint set up the conversion of six horses, with the description by name and by color.

The defendants admitted the taking of four horses, and controverted the taking of the remainder. On the trial, without objection, proof was made that the defendants had received and disposed of five horses, which were included within the terms of the mortgage as originally executed and set out in the complaint. The value of the five horses, without interest, according to the testimony of the several witnesses, varied from $545 to $665. According to the testimony, the defendants had taken one white horse called "Snowflake," whose value was established to be from $75 to $100. It appears from the record that there was a difference between the allegations of the complaint and the proof, as offered, with reference to this particular horse. It was not described in the complaint either by name, by color or by any other description. No testimony was in-

troduced save that offered by the plaintiffs. This testimony discloses the fact that subsequent to the commencement of the action the plaintiffs had transferred their title to a third party, in whose interest the suit was being prosecuted.

Upon the conclusion of the testimony one instruction seems to have been given to the jury which embraced four several propositions of law. An exception was saved to that instruction simply in general terms as to each and every part of it. A request was made by the defendants for an instruction, substantially, that the plaintiffs could not recover the value of any horse not named in the complaint. No instruction was prepared and tendered to the court, nor was any objection made to the court's refusal to give the instruction requested, nor was any exception saved to such refusal. There was a verdict for the plaintiffs for the sum of $706.15.

A motion for a new trial was interposed which attacked the verdict principally upon two grounds: *First.* That the instruction of the court charged the jury: " If the plaintiffs are entitled to recover, your verdict will be for the value of the horses at the time of their conversion, and interest on such sum from that date to the day of the trial." And, *second,* that the verdict included the value of the horse Snowflake, which was not warranted by the allegations of the complaint. On the hearing of the motion, by permission of the court, the plaintiffs remitted from their verdict $186.15. According to the journal entry of the judgment, this included both the interest and the value of the horse not declared for. The defendants sued out a writ of error to reverse the judgment entered.

Messrs. A. D. Bullis and M. B. Carpenter, for plaintiffs in error.

Messrs. Reddin, Van Buren & Allphin, for defendants in error.

BISSELL, C. It is evident from the record that no harm has come to the plaintiffs in error from the entry of the judgment against them. The property which they took was covered by the mortgage owned by Marrs, Middleton & Hunter, who were entitled to recover it, or its value. Numerous errors have been assigned and argued by counsel, but there are not many which deserve serious consideration. The error most insisted upon seems to be entirely unavailable to the plaintiffs in error. The instruction of the court upon the subject of interest may not have accurately expressed the law as applicable to an action of this description. It is quite evident that the jury computed the interest, and included the computation in their verdict. If this were not, under the facts, error without prejudice, it would not be ground for reversal, because it is not included in the judgment as entered. By the permission of the court, the plaintiffs remitted $186.15 from their verdict, taking judgment only for the balance. The court, in its entry, declares that this sum includes all the interest which was originally expressed in the verdict, as well as the value of the horse Snowflake. This conclusion of the trial court finds support in the record, and the finding would seem to remove that question from the necessary consideration of this court.

Counsel have attacked the finding upon this question of fact with so much zeal and acuteness as seemingly to require that the judgment be maintained without the aid of it. In form, the instruction was not justified by the authorities in this state. At the time the case was tried it was pretty generally supposed by the profession that, in actions of trover for the conversion of personal property, the interest upon the money detained could not be computed by the jury, and included in their verdict. This question has been set at rest in this state by a recent decision wherein the whole subject was examined. It is now the established rule in Colorado, that while, as interest, damages may not be recovered for the detention of the money, or the money value of property taken and con-

verted, yet damages equal to the legal interest upon the value of the chattels converted may be allowed, and included in the verdict which the jury may render. *Refining Co. v. Tabor*, 13 Colo. 41.

Under the law as established in that case, the plaintiffs were entitled to recover, and have included in the verdict of the jury, a sum of money, as damages for the detention of the property, which would have been the exact equivalent of the interest which the jury computed and included in the verdict, and which the court told them the plaintiffs had a right to recover. In form the charge was undoubtedly erroneous, though in substance it was a correct expression of the law. But, as committed in this case, it is not an error for which the cause will be reversed and sent back for a new trial. The plaintiffs in error cannot be heard to complain of the form of the instruction, for they took no specific objection to that clause relating to the matter of interest, which was but one of the half dozen legal propositions embraced in it; nor did they specifically request the court to charge the jury according to the law upon that subject. It has been repeatedly adjudged that, upon a general objection to an entire charge, error may not be predicated. Under the very liberal provisions of our code (section 81), which substantially provides that the court shall disregard any error in the proceedings which does not affect the substantial rights of the parties, and that no judgment shall be reversed by reason of such error, this court would not reverse the judgment because of the error in the form of the instruction when no definite request was made by the defendant upon the subject, and when the verdict included nothing but that which the plaintiffs were entitled to recover.

An error is assigned upon the action of the court in instructing the jury orally without the consent of the defendants or their counsel. In this state the court is without authority to instruct the jury orally when either party specifically objects to this form of instruction. To make the

error available, an exception must be saved upon an objection duly taken. There is nothing whatever in the transcript tending to show either that the court instructed the jury orally or that the plaintiffs in error objected to what the court did in respect of that matter. Wherever parties desire to insist upon and preserve their rights in this particular, it is incumbent upon them to make it apparent by the record that an error has been committed.

It is manifest from the verdict of the jury that they found for the plaintiffs as to the five horses which the testimony showed the defendants had appropriated to their own use. There was, therefore, originally included in the verdict the value of the white horse, Snowflake, which was not declared for in the complaint, but concerning which there was abundant evidence of conversion. The jury probably proceeded upon the hypothesis that, as the defendants had taken the horse, and his value was established, the plaintiffs had a right to recover for him. It is quite possible that the jury were right in their conclusion, and that their verdict might have been sustained, since the evidence concerning it was introduced without objection; but it is wholly unnecessary to determine this question. The value of that horse was eliminated from the verdict, and is not included in the judgment, for the amount remitted was largely in excess of his value. It is true that the plaintiffs also sought to deduct from the judgment the amount of the interest which the jury may have computed. Whether the plaintiffs succeeded in eliminating both the value of the horse and the amount of the interest becomes wholly immaterial. They were entitled to recover the interest as damages, and if it be conceded that they were not entitled to recover the value of the horse, they have permitted to be taken from their verdict a sum largely in excess of his value. Under these circumstances it is evident that, under the provision of section 78 of our code, this court would have no right to reverse the judgment upon the error complained of.

The only remaining error which it is important to consider is that which is based upon the proofs contained in the record, showing that before the trial the plaintiffs had transferred all their interest in the notes and mortgage, and were therefore personally without right to recover the value of the property converted. The plaintiffs in error contend the law is that, in an action of trover for the conversion of personal property, the plaintiff's right to recover its entire value is dependent upon his possession of the title thereto at the time of the institution of the suit. This doctrine grows out of the principle that, upon the recovery of a judgment, and the satisfaction thereof in an action of this description, the title to the property, for the conversion of which suit was brought, vests in the defendant. It therefore follows that, if the plaintiff, at the time of the institution of his suit, is without title, his recovery must be limited to the nominal damages which result from the taking, since he has no title upon which the law can operate when the defendant satisfies the judgment which has been obtained. That this is the law applicable to cases of this description is well settled. Cooley, Torts, *459.

It is without application to the case at bar. In the complaint, the title of the plaintiffs at the time of the institution of the suit is distinctly averred in their fifth paragraph, and it is not controverted or put in issue by the defendants in their answer. It therefore follows that it is established by the record herein that the plaintiffs had the right to recover when they commenced their action. It is not so easy to see how a recovery in the suit could be defeated, or this judgment reversed, because of the showing which the record contains of a subsequent transfer of their title. It must be conceded that, upon the cross-examination of one of the plaintiffs, it transpired that they had parted with their interest; but the testimony showing the transfer also declares the fact that the suit was being prosecuted in the interest of the assignee. No objection to the continuance of the suit in the names of the original plaintiffs was interposed

by the defendants, nor did they make any motion in the court below to have the assignee substituted in order that, upon the record, his title and his interest might be both affected and concluded. Under these circumstances, the plaintiffs' right to recover is not limited to the nominal damages to which only they would be entitled when the transfer precedes the commencement of the action. The code (section 15) distinctly provides that, in case of a transfer of interest, the action may be continued in the name of the original party, and that it shall be neither affected nor abated by reason of such transfer of interest. This provision in effect prevents the application of the doctrine contended for to the facts in this case. If the defendant desired the record to show the transfer of interest in order that the satisfaction of the judgment might be clearly conclusive against the real party in interest, and operate to transfer the title as against the plaintiff in the record, it was open to them, when the facts were disclosed, to move the court for a substitution of parties. Had they seen fit to take such action, the record then would have been a perfect defense in case of a subsequent litigation. They are protected, however, against any subsequent action by the assignee of the securities by the fact that the assignment was subsequent to the commencement of the suit. The assignee is bound by the judgment, and will be concluded as to the title in any subsequent suit. The record presents no other question which need be considered or determined. There are no errors apparent which warrant a reversal of the judgment. It should be affirmed.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*