PREWITT, APPELLANT, v. LAMBERT, APPELLEE.

1. COMPETENCY OF WITNESS.

The statutory rule that parties and persons directly interested in an action are precluded from testifying therein of their own motion where the opposite party sues or defends as an administrator, etc., is not applicable in favor of one who is not sued as administrator, and who does not by his answer defend as such.

*Appeal from the District Court of La Plata County.*

ACTION for the conversion of personal property. Answer denying each and every allegation of the complaint. Verdict and judgment in favor of plaintiff. Defendant appeals.

Messrs. GALBREATH & JACKSON, for appellant.

Messrs. RUSSELL & McCLOSKEY, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Mrs. Lambert was plaintiff below. Mr. Prewitt was defendant. Plaintiff being called as a witness in her own behalf, and having given certain testimony, defendant's counsel said:

"We want to reserve an objection to the testimony of this witness, the plaintiff in this action, because it will appear before the witness gets through that this suit is against an administrator, and that, W. H. Lambert being dead, she is an incompetent witness as to matters between Mr. Lambert and herself."

In response to this objection the court said: "We will consider the objection when this appears."

No exception was reserved to this ruling of the court; nor does it appear that any further objection of the kind was interposed at the trial. The general statutory rule is, that parties and persons directly interested in an action are precluded

from testifying therein of their own motion where the opposite party sues or defends as an administrator. 2 Mills An. Stats. § 4816.

In this case Prewitt was not sued as administrator; nor did he defend as such. He defended in his own right; and his answer consisted of denials only. The objection interposed as above set forth was certainly not sufficient to give defendant the protection of the statute.

Counsel for appellant cites *Whitsett v. Kershow et al.*, 4 Colo. 426; *Palmer v. Hanna*, 6 Colo. 55; *Gilham et al. v. French*, 6 Colo. 196. Neither of these cases is in point; in each of them the representative character of the party objecting to testimony appeared affirmatively by the pleadings, or by the record proper.

The remaining assignments of error do not require special consideration. The evidence in the case was somewhat conflicting; but it was submitted to the jury under proper instructions, and we cannot as an appellate court say that the court erred in refusing to grant a judgment of nonsuit, or in denying defendant's motion for a new trial. The judgment of the district court is affirmed.

*Affirmed.*