[No. 5056.]
[No. 2622 C. A.]

## THE KRIPPENDORF-DITTMAN COMPANY
## v. TRENOWETH ET AL.

**1. Sales—Evidence—Book Accounts.**

Evidence that at the same time a bill of sale was made to a stock of goods and fixtures and immediately after its execution and as part of the same transaction and supported by the same consideration an assignment of the book accounts of the seller was made in writing upon the books, was sufficient to sustain the transfer of the book accounts as a part of the same transaction witnessed by the bill of sale.

**2. Appellate Practice—Evidence.**

Error committed in the admission of evidence is not prejudicial where, if all the evidence objected to were eliminated, there would remain sufficient evidence to sustain the finding thereon.

**3. Appellate Practice—Evidence.**

Where upon a retrial of a case it was stipulated that the evidence set forth in the bill of exceptions of a former record including depositions should be considered, and upon a subsequent appeal such evidence and depositions were not made a part of the record, questions raised as to the sufficiency of the evidence to sustain the findings will not be considered.

*Error to the District Court of Gilpin County. Hon. A. H. De France, Judge.*

Mr. C. M. KENDALL, for plaintiff in error.

Mr. H. M. ORAHOOD, Mr. CHASE WITHROW, for defendants in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is the third time the subject-matter of this litigation has been before the appellate courts of this state.

A re-statement of the facts and issues herein involved is rendered unnecessary by the very full statement of facts in the cases of *Brown v. Potter,* 13 Colo. App. 512, and *Krippendorf-Dittman Co. v. Trenoweth,* 16 Colo. App. 178.

31

In the last entitled case the reversal was based upon the fact that the evidence, as presented in the record there under consideration, did not show that the book accounts involved therein were transferred as part of the same transaction witnessed by the bill of sale and for the same consideration, or that the transfer of such book accounts was based upon a new and separate consideration. This is manifest from the following extracts from the opinion in *Krippendorf-Dittman Co. v. Potter, supra:*

"Upon the evidence here, they (the book accounts) were not transferred to him (Potter) together with the other property, and the consideration of the purchase of that property was not the consideration of their purchase. Potter's purchase of the merchandise, fixtures and furniture was evidenced by a written bill of sale executed by Charles Trenoweth. No book accounts passed by that instrument. * * * and it was in consideration of the transfer to him of that particular property, and no other, that Potter agreed to cancel the indebtedness of Trenoweth to the bank and pay the claims of other preferred creditors. The assignment of the accounts was therefore of necessity a different transaction, supported, if supported at all, by a different consideration. But no separate consideration was claimed for it, and insofar as the record throws any light on the subject, this transfer was made without any consideration whatever."

The concluding paragraph of the opinion in the last cited case is as follows:

"Upon the evidence as we have it, an accounting should have been ordered, to ascertain what sums were collected, and by whom; and what other sums were not, which, by the exercise of reasonable diligence, might have been; and, unless at the next trial a valid contract of which the bill of sale is a

part, shall be shown, from which it shall appear that the accounts and the merchandise, furniture and fixtures, were sold together for the same consideration, it will be the duty of the court to order the accounting, and when it shall be had, to enter the proper judgment. A contract may rest partly in writing and partly in parol, or in two instruments of writing executed contemporaneously, and relating to the same subject-matter; but to enable the court to say that the accounts were included in the sale, it must appear that all the property, merchandise, furniture, fixtures and accounts were transferred by the same contract.''

To meet the grounds upon which the above reversal was based, defendants in the court below, upon the retrial of this case, introduced testimony to the effect that, at the same time the bill of sale introduced at the former trial was made, the book accounts were transferred to Potter by assignments in writing made on the books, immediately after the bill of sale was executed by Trenoweth to Potter, which' assignments were a part of the same transaction as that involved in the bill of sale, and were supported and based upon the consideration stated in the bill of sale.

The assignments written upon the books were in the following words:

"CENTRAL CITY, July 27, 1896.

For value received, I do hereby sell, assign, transfer and set over to Thomas H. Potter all the accounts, claims and demands contained in this book, with authority to the said Thomas Potter to sue for and collect the same in my name or in his own name as he may see fit, but in any event to his own use.

CHAS. TRENOWETH.''

The foregoing testimony was uncontradicted, and no attempt was made to avoid the force and effect of the same.

A trial to the court without a jury resulted in a judgment in favor of defendants, and dismissal of plaintiff's bill of complaint.

Plaintiff in error contends that the evidence presented in no essential particular changed the record which was before the court of appeals in the former case, and. that, therefore, the court erred in refusing to direct an accounting of the money collected on the book accounts.

This contention is manifestly without merit, for the reason that the testimony introduced fully and completely supplies the lack of evidence in the former record, upon which the reversal of the judgment of the court below was predicated.

It is also contended that error was committed by the court in the admission and rejection of testimony.

We may eliminate from consideration all of the testimony objected to by plaintiff in error, and there still remains in the record abundant testimony to warrant the finding that the assignment of the book accounts hereinbefore set forth was a part of the same transaction and based upon and supported by the same consideration as that involved in the bill of sale referred to in the opinion in the former case.

Plaintiff in error also contends that it is entitled to a consideration of the question as to whether or not the defendants below did not take more for the payment of their debt than they were entitled to, when dealing with a failing creditor.

We are precluded from a consideration of this question, for the reason that there is no testimony incorporated in the record here presented upon which such consideration can be based.

It was stipulated at the trial by counsel that the evidence set forth in the bill of exceptions in the former record, including the depositions, should be considered as before the court.

The evidence and depositions referred to, covered by the above stipulation, were not made a part of this record, which is a sufficient reason for declining to entertain consideration of the question here presented.

There being no error in the judgment, it will be affirmed.                                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.