[No. 5107.]
[No. 2688 C. A.]

TEMPLE, ADMINISTRATOR, v. MAGRUDER.

1. Practice in Civil Actions—Evidence—Books of Original Entry —Preliminary Proof.

A physician's account book, though a book of original entry, is inadmissible to prove charges therein without the preliminary proof required by Mills' Ann. Stats., § 4817.—P. 392.

2. Same—Witnesses—Competency—Transactions with Deceased
Person.

Under Mills' Ann. Stats., § 4816, providing that "No party to
any civil action, suit or proceeding, or person directly interested
in the event thereof, shall be allowed to testify therein of his
own motion, or in his own behalf  *  *  *  when any adverse
party sues or defends as the  *  *  *  executor or adminis-
trator  *  *  *  of any deceased person,  *  *  *  unless
when called as a witness by such adverse party so suing or de-
fending." A physician in a proceeding to establish a claim against
the estate for medical services rendered decedent is not quali-
fied to testify in the case.—P. 392.

*Appeal from the District Court of Teller County.*
*Hon. Louis W. Cunningham, Judge.*

Action by C. A. Magruder against W. O. Tem-
ple, as trustee of the estate of Thomas Keating,
deceased. From a judgment in favor of plaintiff,
defendant appeals.                     *Reversed.*

Mr. J. M. BRINSON, for appellant.

Mr. DAVID P. MILLER, for appellee.

Mr. JUSTICE GODDARD delivered the opinion of
the court:

On March 13, 1901, C. A. Magruder, the appel-
lee, presented to the county court of Teller county a
claim against the estate of Thomas Keating for
$333.00 for medical services rendered said Keating.
The court allowed $100.00 and disallowed the re-
mainder. From this judgment Magruder appealed
to the district court. On January 7, 1902, the cause
was tried to the court and judgment rendered in
favor of Magruder for $333.00 against the estate.
The administrator brings the case here for review.

The principal errors assigned and discussed are
the following: First, admitting in evidence the ac-
count book of appellee; second, in permitting the ap-

pellee to testify of his own motion over the objection of appellant.

1.    The reasons assigned in support of the first objection are that the book is not a book of original entry, and was admitted without making the preliminary proof· required by statute.   Under the ruling in *Plummer v. Struby-Estabrook Co.*, 23 Colo. 190, the book in question must be held to be a book of original entry, and would have been admissible in evidence had the preliminary proof required by the statute been made.—Mills' Ann. Stats., § 4817. There was no compliance with the statute in this respect, and the book should not have been admitted in evidence.

2.    It was clearly error for the court to permit the claimant to testify in the case.   Section 4816, Mills' Ann. Stats., provides that "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf,    *    *    *    when any adverse party sues or defends as the    *    *    *    executor or administrator *    *    *    of any deceased person    *    *    *    unless when called as a witness by such adverse party so suing or defending."

By the plain and positive provision of this statute, the appellee was incompetent to testify in the cause of his own motion, and over the objection of appellant, upon any matter, or at all.   That this is the purpose and meaning of this statute is settled by previous decisions of this court and of the court of appeals; among them: *Whitsett v. Kershow,* 4 Colo. 419 ; *Gilham v. French,* 6 Colo. 196 ; *Palmer v. Hanna,* 6 Colo. 55 ; *Jones v. Henshall,* 3 Colo. App. 448.

We have read the entire testimony set out in the transcript of the record, and are unable to find suf-

ficient competent evidence to support the judgment. The foregoing errors, therefore, necessitate a reversal. Judgment reversed, and cause remanded for a new trial.

*Reversed.* ·

Chief Justice Gabbert and Mr. Justice Bailey concur.