[No. 6045.]

## BROWN, ADMINISTRATRIX, v. FIRST NATIONAL BANK OF DOUGLAS COUNTY.

1. **Witnesses—Competency**—Under sec. 4816 of Mills' Stats. (Rev. Stats., § 7267), a stockholder in a national bank is not competent to give testimony in behalf of the bank, to establish a claim against the estate of a decedent, except as to facts coming under the exceptions enumerated in the section.—(395)

2. **Statutes—Adopted from Another State—Construction**—In adopting the statute of another state, we adopt the construction theretofore given it in the courts of that state.—(396)

3. **Appeals—Harmless Error**—Where the cause is tried without a jury, the admission of incompetent evidence will not reverse, if, rejecting what was so improperly received, there remains competent evidence uncontradicted sufficient to sustain the judgment.—(397, 398)

4. **Evidence — Account Books** — In an action by a bank against the personal representative of the former cashier of the bank, since deceased, the books of the bank, shown to have been kept under the direction of such deceased cashier, are admissible to show false entries therein, and, in connection with other testimony, the misappropriation of the funds of the bank.—(398, 399)

The provisions of sec. 4817, Mills' Stats. (Rev. Stats., § 7268), have no application to such a case.—(398)

5. **——Expert—To Explain Complicated Accounts** — An expert bookkeeper may be examined to explain the meaning of entries in books of account, and give the true state of the accounts, where the books are present subject to inspection by the opposite party, and the entries are of such character as to render

it difficult for the court or a jury to arrive at correct conclusions.—(399)

6. **Damages—Interest**—Where a director or officer of a bank has misappropriated its funds, he is liable for interest on the amount, from the time of the taking.—(400)

7. **Decedents' Estates—Form of Claims** — Nothing in our statute requires that a claim against the estate of a decedent shall be in any specified form. Where interest is demanded, it is immaterial whether it is claimed as such, or as damages.—(400)

——**Costs**—Under the statute (Laws 1903, c. 181, § 124; Rev. Stats., § 7209), costs may be allowed to a successful claimant, against the estate of a decedent.—(401)

*Appeal from the District Court of Douglas County*—Hon. Louis W. Cunningham, Judge.

Mr. S. H. Calhoun, Mr. John R. Smith, Mr. H. B. Wood for appellant.

Messrs. Murray & Ingersoll for appellee.

Mr. Justice Hill delivered the opinion of the court:

The appellee filed its claim in the county court of Douglas county against the estate of Edward P. Brown, deceased. The claim was allowed; the administratrix appealed to the district court, where judgment was again rendered against the estate in the sum of $2,922.43, from which this appeal is prosecuted.

The errors relied upon will be considered in the order presented.

The first pertains to the alleged disqualification of the witness, Dobell. He was the cashier of the appellee (a national bank), also one of its stockholders and a member of its board of directors, and for these reasons it is urged he was directly interested in the event thereof, and hence disqualified under General Section 4816, Mills' Annotated Statutes, the

party defending being the administratrix of the estate of a deceased person. This section of our statutes has been passed upon repeatedly by this court, as well as the court of appeals, and it has been uniformly held that it prohibits a party to the action, or any person directly interested in the event thereof, from giving testimony of his own motion or in his own behalf, when the adverse party sues or defends as the administrator of a deceased person, unless the testimony is admissible under one of the exceptions enumerated in the section. — *Whitsett v. Kershow,* 4 Colo. 419; *Gilham et al. v. French,* 6 Colo. 196; *Palmer v. Hanna,* 6 Colo. 55; *Levy v. Dwight,* 12 Colo. 101; *Rathvon v. White,* 16 Colo. 41; *Temple v. Magruder,* 36 Colo. 390; *Cooper v. Wood et al.,* 1 Col. App. 101; *Jones v. Henshall,* 3 Col. App. 448; *Williams v. Carr,* 4 Col. App. 363; *Rogers v. McMillen,* 6 Col. App. 14.

The latest expression upon the subject appears to be that in the case of *Temple v. Magruder, supra,* in which this court, speaking through Mr. Justice Goddard, at page 392, said:

"By the plain and positive provision of this statute, the appellee was incompetent to testify in the cause of his own motion, and over the objection of appellant, upon any matter, or at all. That this is the purpose and meaning of this statute is settled by previous decisions of this court and of the court of appeals."

The argument of counsel, that even if the witness was incompetent the prohibition does not apply to a portion of this testimony not covered in the exceptions enumerated in the statute, is not well taken. This section, as construed by former decisions, makes him incompetent to testify upon any such matters. The competency of the witness is not affected by the character of the testimony which he may give, nor

is it dependent upon circumstances of this nature. Therefore, it is clear that if Mr. Dobell, by virtue of being a stockholder in the appellee company, is a person directly interested in the event thereof, the greater part of his testimony was improperly received.

The judgment was in favor of the bank, it increased its assets to that extent, which would increase the value of the witness's stock its proportion. To all intents and purposes, the stock of the bank is the owner of its assets, and it is useless to argue that anything which adds to the assets of the bank does not, in like proportion, add to the value of the stock of the bank and to the direct interest of the stockholder.

In 1st Greenleaf on Evidence (15th ed.), section 390, it is said:

"The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment."

At common law, a stockholder's interest would exclude him from becoming a witness for the corporation generally, recognizing the rule that he was a party interested in the result of the action, although he might be a competent witness to identify its books, verify its records, etc.—*Ryder v. The Alton & Sangamon R. R. Co.,* 13 Ill. 516; *Peake v. The Wabash R. R. Co.,* 18 Ill. 88; 1st Phillips on Evidence, 39.

Another reason why this court should hold that stockholders are directly interested is upon account of the construction given to the act by the supreme court of Illinois, from which state ours appears to have been taken, and is in its exact language. The general rule is that, in adopting the statute of another state, we adopt the construction theretofore given it by the courts of that state.

In the case of *First National Bank v. Dunbar,*

19 Ill. App., in passing upon this subject, at page 561, that court said:

"There was no error in holding that the testimony of the directors of the bank was incompetent evidence. They were all stockholders and parties in interest, and defendant in error was suing as the administrator of a deceased person."

In the case of *Consolidated Ice Machine Co. v. Keifer, Admr.*, 134 Ill. 481, on this subject the court said:

"The brewing company was a corporation, and Heim, being its president and a stockholder therein, was interested, and therefore incompetent to testify generally on behalf of the corporation, when called adversely to the plaintiff."

In the case of *Albers Com. Co. v. Sessel*, 193 Ill., at page 155, the court said:

"We have held that stockholders in a corporation are interested within the meaning of this section of the statute, and are incompetent to testify against the representatives of a deceased party in their own behalf."

For these reasons, we conclude that Mr. Dobell was a person directly interested in the result of the action, and that the court erred in permitting his testimony to be received except in so far as it pertains to facts admissible under any of the exceptions enumerated in the section; but the errors committed in this respect were without prejudice to the appellant.

The trial was to the court, and entirely disregarding the incompetent testimony of the witness, Dobell, there is sufficient competent uncontradicted evidence by the witness, Lazear, upon the same points, to justify the findings of the court, so far as the facts covered by the objectionable testimony of the witness, Dobell, are concerned. From our exam-

ination of the record, we find no testimony 'contradictory to that given by Mr. Lazear (the national bank examiner), which was the same as, and covered all objectionable facts testified to by the witness Dobell; we do not understand counsel to claim otherwise—at least this statement was made in the answering brief, and counsel, in their reply, have failed to point out in any respect wherein this statement was incorrect. In such cases, the judgment is not subject to reversal on account of the admission of such erroneous evidence.—*Kilham et al. v. The Western Bank & Safe Deposit Co.*, 30 Colo. 365; *Krippendorf-Dittman Co. v. Trenoweth et al.*, 35 Colo. 481; *Moynahan v. Perkins*, 36 Colo. 481; *Butler v. Phillips*, 38 Colo. 378; *Chittenden, Admr., v. The King Shoe Co.*, 38 Colo. 187; *Freeman v. Peterson et al.*, 45 Colo. 102.

Error is alleged in admitting the books of the bank as evidence. It is claimed that no proper foundation had been laid, as required by section 4817, Mills' Annotated Statutes. This section relates to claims founded on book accounts, etc., where certain facts are sought to be established by such entries. This is not the question here. The testimony is, that Mr. Brown was the cashier of the bank; he was its chief executive officer, and, as such, had entire control and direction of its affairs; the greater portion of the entries in its books offered in evidence were in his handwriting, and were to the effect that the bank had purchased certain notes and paid certain sums therefor, which were shown by other witnesses to be false; also other entries in his handwriting were to the effect that certain sums of money disappeared on those dates from the funds of the bank, and the same records failed to show it had been returned, up to the time of his death. This was testified to by Mr. Lazear (the national bank examiner), who was well acquainted with Mr. Brown's handwrit-

ing, and we think, when followed (as in this case) by the uncontradicted testimony of a number of other witnesses, that no such notes were purchased by the bank or were ever among its assets, etc., that it was properly admitted for the purposes offered—that is, to show the false entries, etc.

In the case of *Bacon v. United States,* 97 Fed. 35, also in *Rudd v. Robinson,* 126 N. Y. 113, it is held, in substance, that the bank's books are admissible, without proof that they were properly kept, as evidence against one who had general control and direction of the bank's affairs to show knowledge of false entries, in reports, etc.

The books were introduced, not to establish their correctness, but, if anything, their incorrectness, and the system then being practiced by Mr. Brown in connection therewith.

Error is alleged in permitting the witness, Lazear, to interpret or explain to the court the various entries in the books introduced in evidence. This objection is disposed of by the well-settled rule that, while books of accounts and other documents in writing furnish the best evidence of what they contain, yet where such books, records, papers and entries are voluminous, intricate, or of such a character to render it difficult for the court or jury to arrive at a correct conclusion concerning amounts, balance, etc., resort may be had to the aid of an expert bookkeeper to examine and explain the meaning of entries and the true state of the accounts when such books, etc., are in the courtroom subject to inspection by the opposite party.—*Guarantee Co. v. Mutual Bldg. & Loan Assn.,* 57 Ill. App. 254; *Chicago, etc., R. R. Co. v. Wolcott,* 141 Ind. 267; *Bartley v. State,* 53 Nebr. 310; *Daniels v. Fowler,* 123 N. C. 35; *United States v. Allen,* 47 Fed. 696.

Counsel urge that it is not specifically shown whether the interest allowed upon this claim was for interest or damages caused by the misappropriation of the funds and thus being kept out of its use from the time it was taken until the rendition of the judgment. They allege, if interest, it could not be allowed for the period prior to the date of demand. Our statutes do not provide that a claim shall be in any specified form. The question is immaterial. When a director or officer of a bank has misappropriated its funds, he is liable for interest on the amount from the date of such taking as damages, and it has been held in some federal cases from this state that no statute is necessary to authorize the allowance of such interest by a court of equity.

In the case of *New Dunderberg Min. Co. v. Old,* 97 Fed. 150, the court, in substance, held that, where one has wrongfully converted the money or property of another, interest on the money is recoverable from the date of the conversion, and it is practically immaterial whether it is allowed as interest or damages. To the same effect is the case of *Cooper v. Hill,* 94 Fed. 582, where it was held, in substance, that when the directors and officers of the bank have misappropriated the funds, they are liable for interest on the amount from the date of the misappropriation, as damages, and no statute is necessary to authorize the allowance of such interest by a court of equity; also, that when sued for a breach of such trust, such an action is maintainable either at law or in equity. These are both Colorado cases. When such interest is not provided for by statute, the courts of this state have allowed its equivalent in the way of damages for the taking and detention of the money.—*O. & G. S. & R. Co. v. Tabor,* 13 Colo. 41; *Brasher v. Holtz,* 12 Colo. 201; *Perkins v. Marrs,* 15 Colo. 262.

It is claimed that the decree and judgment entered by the district court was without authority of law, in that it does not follow the terms of section 4793, Mills' Annotated Statutes, nor the construction heretofore given that section by this court, and cases are cited wherein this court has had occasion to pass upon this section. This section was repealed by an act in relation to probate matters, etc., approved April 9, 1903, and section 163 of the latter act covers the question of procedure in such matters which seems to have been substantially followed. We find no prejudicial error in this respect.

Complaint is made to the findings that the claimant be allowed his costs in the county court in establishing the validity of this claim. Section 124, page 518, of the Session Laws of 1903, authorizes this to be done. It is also urged that the evidence is insufficient to justify the allowance of the claim. This position is not well taken. We fully realize the conditions in which an administrator is placed in his defense against certain claims and as urged by counsel the serious results to follow in this action. These are unfortunate conditions, which, in some cases, it appears, cannot be avoided.

This action has been tried twice before two different judges, with the same result, and, unless we entirely disregard the great preponderance of the evidence, and accept in lieu thereof mere assumptions, theories and conjectures, we would not be justified in holding that the evidence is insufficient.

The judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.

Opinion filed January 3, 1911; rehearing denied February 6, 1911.