## COMMONWEALTH *vs.* WILLIAM H. CAREY.

On the trial of an indictment charging distinct offences in separate counts, it is the duty of. the jury to pass upon each count separately, applying to it the evidence bearing on the question of the defendant's guilt of the offence therein charged.

If, on the trial of an indictment charging distinct offences in separate counts, the jury return a general verdict of guilty, and, in answer to an inquiry of the court, reply that they did not pass upon the counts separately, and the verdict is thereupon ordered to be affirmed and recorded, the defendant has good ground of exception, even if the case was submitted to the jury with suitable instructions as to the several counts.

INDICTMENT on the St. of 1868, *c.* 141, with three counts, the first charging the defendant with unlawfully exposing intoxicating liquors for sale, and the second and third respectively with making different unlawful sales of intoxicating liquors.

---

* "No person shall sell, or expose or keep for sale, intoxicating liquors, unless he is authorized to sell the same in the manner provided in this act: provided, that the maker of cider and native wines may sell the same not to be drunk on his premises; and provided also, that the importer of liquor of for-eign production, imported under authority of the laws of the United States, may own, possess, keep or sell the same in the original casks or packages in which it was imported, and in quantities not less than the quantities in which the laws of the United States require such liquor to be imported; and provided further, that nothing herein contained shall apply to sales made by sheriffs, deputy sheriffs, coroners, constables, collectors of taxes, executors, administrators, guardians, assignees in insolvency or bankruptcy, or any other ·erson required by law to sell personal property."

Trial in the superior court, before *Brigham,* C. J., who allowed a bill of exceptions of which the following is the material part:

" The jury returned a general verdict of guilty. Before the verdict was affirmed, the defendant's counsel suggested a doubt whether the jury intended to convict on all the counts. The judge then said to the jury, ' You mean guilty on each count ? ' The foreman said that the jury did not pass upon them separately. The defendant's counsel then requested the judge to ask the jury to consider the several counts, if they had not already done so; or to inquire of them what they really intended by their verdict. The judge replied that the jury had already been sufficiently instructed as to their duties in relation to the several counts, and had rendered a general verdict; and that he should say no more, and ask no more questions, unless the jury had some suggestions. No member of the jury said anything further; and the judge ordered the verdict to be affirmed and recorded, to which the defendant excepted. The judge gave instructions to the jury upon the several counts, which were not excepted to. The defendant filed a motion to set aside the verdict upon the above grounds, which motion was overruled. To all these rulings and refusals the defendant excepts."

*W. D. Northend,* (*S. B. Ives, Jr.,* with him,) for the defendant.
*C. Allen,* Attorney General, for the Commonwealth.

MORTON, J. It is well settled that several offences may be charged in separate counts of the same indictment, if they are of the same general character and subject to the same kind of punishment; and whether they shall be tried separately or together is a matter within the discretion of the presiding judge. But if they are tried together, the cardinal principles of the criminal law apply in the same manner as if each offence was charged in a separate indictment and tried separately. Each offence charged must be proved beyond reasonable doubt, by evidence legally applicable thereto. It necessarily follows that the jury must pass upon each count separately, and apply to it the evidence bearing upon the defendant's guilt of the offence therein charged. And if they fail to do so, their verdict cannot be sustained.

In the case at bar, the jury returned a general verdict of guilty, but, before it was affirmed and recorded, their foreman stated, in answer to a question by the court, that they did not pass upon the counts separately. It was thus made to appear in a proper manner, that the jury, probably through misapprehension of the instructions given, had failed to perform the duty required of them, and that their verdict was unauthorized by law. It was undoubtedly a matter within the discretion of the presiding judge whether inquiry should be made of the jury as to the grounds or counts upon which they found their verdict; and if no inquiry had been made, the general verdict of guilty would apply to each count, upon the presumption that the jury had correctly understood and applied the instructions given them. But, the inquiry having been made, and having elicited the fact that the verdict had not been found in a manner authorized by law, it was erroneous in the court to order the verdict thus found to be affirmed and recorded.

*Exceptions sustained.*