Okey, J.
The defendant relies, for a reversal of the judg-' ment, upon the fact that he was sentenced to greater punishment than could have been lawfully imposed upon conviction under one count of the indictment only. The only authority relied on to show the illegality of such sentence is Tweed’s case (People ex rel. v. Liscomb, 60 N. Y. 559). There it appeared that Tweed was tried upon an indictment charging, in separate counts, two hundred and twenty distinct misdemeanors, and that he was found guilty upon two hundred and four of the counts. The statute upon which he was indicted provided that, “where any duty is or shall be enjoined by law upon any public officer, or upon any person holding any public trust or employment, every willful neglect to perform such duty” should be a misdemeanor, punishable by imprisonment not more than a year, and a fine not exceeding $250. Upon twelve of the counts the court sentenced him to twelve consecutive terms of imprisonment of one year each, together with fines of $250 each, and on other counts to additional fines, the fines *193 ^mounting in the aggregate to $12,500. Tweed, having served a term of one year in prison, and paid a fine of $250, the court held that the fine and imprisonment ordered upon the first count exhausted the power of the court, and that he was entitled to a discharge upon habeas corpus. The court say that in such case the punishment may be awarded on one count or several counts, but that the whole punishment cannot exceed that which might be inflicted under one count.
It has been thought the mode of trial adopted in that case was prejudicial to the rights of the accused ; -while others are of opinion that separate prosecutions would have been far more oppressive. Here, however, the inquiry is, not whether one mode of prosecution is less objectionable than another, but whether the law will sanction the punishment inflicted.
That Tweed’s case is in conflict with the rule of the common law, as administered in England and this country, seems to be clear. R. v. Robinson, 1 Moody, 413; Douglas v. R., 13 Q. R. 74; Barnes v. State, 19 Conn. 398; State v. Ambs, 20 Mo. 214 ; 1 Bishop’s Cr. Pro. (3 ed.), §§ 458, 1005 a; Wharton’s Cr. Pl. & Pr. § 910. Indeed, in this state, the common Jaw rale as to misdemeanors may, in the discretion of the court, be extended to felonies. Bailey v. State, 4 Ohio St. 440; Boose v. State, 10 Ohio St. 575. And in Massachusetts there may be a lumping sentence embracing all the punishment that might be inflicted by separate sentences.
Regularly, where the indictment contains more than one count, the verdict should respond specifically to each count, and not generally to all; and where the verdict is guilty as to more than one count, there should be judgment as to each, the sentences to operate consecutively. To refuse a request that the court direct the jury to make such separate finding, would no doubt be error. Com. v. Carey, 103 Mass. 214. Indeed, doubt has been expressed “ whether, in any case, a general verdict of guilty will authorize separate penalties to be inflicted upon separate counts of the indictment. ” Buck v. State, 1 Ohio St. 61, 62. But we are of opinion that where, on such general, verdict, the court has sentenced as to each count, it will be presumed, in the absence of any showing to the contrary, that
*194 several offenses were proved. 1 Bishop’s Cr. Pro. (3 ed.) §§ 1015, 1325-1327; Wharton’s Cr. Pl. & Pr. § 907.

Motion overruled.