## STATE OF MAINE *vs*. SAMUEL ROUNDS.

### Cumberland.   Opinion April 29, 1884.

*Reasonable doubt.   Practice.   Pleadings.*

The term, reasonable doubt, implies that there may be doubts which are not reasonable or rational.   It is not a vague or whimsical or merely possible doubt, but an actual, substantial and well-founded doubt.

It is not legally erroneous to say to a jury that the proof of guilt must be to a moral certainty.   Still the phrase may mislead, because moral certainty in the popular sense may be taken to be more than moral certainty in the legal sense.

A ruling that the law only requires that degree of certainty in the minds of jurors before rendering a verdict of guilty, as would exist in their minds in coming to a conclusion on matters of grave interest and importance to themselves, is not to be commended for judicial use.   It is aided in the present case by additional definition of reasonable doubt.

When one offence is charged as committed in different ways, in different counts in an indictment, a general verdict should be rendered.   Separate verdicts of guilty in such case would be repugnant.

In such case a general verdict of guilty means that the offence was committed in some one of the ways alleged; and if the judge instructed the jury that there was no evidence applicable to one of the counts, then that the offence was committed as described in some one of the remaining counts.

ON exceptions from the superior court.

Indictment.   The case and material facts are stated in the opinion.

*Ardon W. Coombs*, county attorney, for the state.

*H. D. Hadlock*, for the defendant.

The court misstated the law in instructing the jury that: "The law only requires that degree of certainty in the minds of jurors before rendering a verdict of guilty, as would exist in their minds in coming to a conclusion on matters of grave interest and importance to themselves."   Wharton, Crim. Law, § 707; Bishop, Crim. Prac. § 819; *Com*. v. *Webster*, 5 Cush. 320; Wells on Law & Facts, § 572; *Blocker* v. *State*, 9 Texas Ct.

of App. 279; *Wallace* v. *State*, 9 Texas Ct. of App. 299; *Robertson* v. *State*, 9 Texas Ct. of App. 209; *Jane* v. *Com.* 2 Met. (Ky.) 30.

To justify a verdict of guilty, it is not only necessary that the jurors should be so convinced by the evidence that they would venture to act upon that conviction, in matters of the highest importance to their own interests; but they must, moreover, be so convinced as to exclude from their minds all reasonable doubt of the guilt of the accused.

The foregoing instruction which the court gave the jury, tested by these principles, is liable to several objections. If it did not expressly authorize the jury to find a verdict according to the preponderance of the testimony, it authorizes them to weigh the facts and circumstances, and when thus weighed, if their conclusion was, not that the accused was guilty, but that there was that degree of certainty in the case that they would act upon it in their own grave and important concerns, then they were justified in returning a verdict of guilty.

In this respect the instruction was misleading and calculated to induce the jury to believe that they had a right to decide according to the weight of evidence.

Men frequently act upon their own grave and important concerns, without a firm conviction that the conclusion upon which they act is correct.

This degree of certainty is wholly insufficient to authorize a verdict of guilty in a criminal case. Counsel further cited: *State* v. *Oscar*, 7 Jones (N. C.), 305; *Smith* v. *State*, 9 Tex. Ct. App. 150.

PETERS, C. J. Two bills of exceptions are presented. The important question in the exceptions taken during the trial, relates to a definition given by the learned judge, of the term "reasonable doubt."

Mr. Bishop (1 Crim. Proc. § 1094) says: "There are no words plainer than reasonable doubt, and none so exact to the idea meant. Hence, some judges, it would seem wisely, decline attempting to interpret them to the jury. Negative descriptions

may be safe, and, perhaps, helpful; as, that it is not a whimsical or vague doubt or conjecture, not an impossibility, . . . but it is a reasonable doubt." It is not an unreasonable doubt.

The very term implies that there may be doubts not reasonable or rational. It cannot be a merely possible doubt, for anything relating to human affairs may be in some way subject to possible doubt. It is such an actual and substantial and well founded doubt as would be entertained by a reasonable and conscientious man,—"such a doubt that the reason for it can be examined and discussed." In *State* v. *Reed,* 62 Maine, 129, the following was decided to be a correct definition: "It is a doubt which a reasonable man of sound judgment, without bias, prejudice or interest, after calmly, conscientiously and deliberately weighing all the testimony, would entertain as to the guilt of the prisoner." It is not enough to establish merely a probability of guilt. The rule requires that the guilt shall be established to a reasonable, but not an absolute, demonstrative or mathematical certainty.

What real use can there be in further enlarging or emphasizing an explanation of the term, reasonable doubt? Of course, it is not legally erroneous in this state, to inform a jury that the guilt of the prisoner is to be shown "to a moral certainty." That term has been in too much use to be prohibited now. In *State* v. *Reed, surpa,* an intentional omission of the phrase was held to be not erroneous. In Massachusetts it may be omitted, although asked for by the prisoner. *Com* v. *Costley,* 118 Mass. 1. The use of it is criticised in an able and instructive article in the Am. Law Rev. (Vol. 10, p. 663). Mr. Bishop says of it: "Assuming it to be synonymous (with reasonable doubt), practically it will darken more minds, of the classes from whom our jurors are drawn, than it will enlighten." The term is often misleading, or may be, unless judicially explained to the jury. It may be taken to mean more than it really means. Moral certainty, in its popular sense, may be more than moral certainty in the legal sense.

In the present case the learned judge, who presided at the trial, went still further towards the outer circle of judicial limits, and said to the jury, that "the law only requires that degree of

certainty in the minds of jurors, before rendering a verdict of guilty, as would exist in their minds in coming to a conclusion on matters of grave interest and importance to themselves." This exposition of reasonable doubt is strenuously objected to by the counsel for respondent. This definition is substantially in the words of Lord TENTERDEN in a capital case long ago, and has been frequently used by judges since. See 3 Green. Ev. 13th ed. § 29, note. Of this definition Mr. Bishop, in section of Crim. Procedure before cited, says : " If there were no doubt of its accuracy, it might in some circumstances, to some minds, be helpful; yet, on the whole, it is less clear than the phrase it would explain." But its correctness is denied by five or six of the state courts. Still it has been approved by as many other courts. See cases cited by Mr. Bishop. See also *Howser* v. *State*, 5 Geo. 78. Standing alone, the phrase seems to be rather an inadequate and unsatisfactory definition. The trouble with it is, that with all men their own affairs do not necessarily receive the same consideration which they should bestow as jurymen upon the interests of others.

But in the case at bar other definition of reasonable doubt was added. The further instruction was, that " a reasonable doubt is a doubt arising in the mind for which some fair, just reason can be given." This the jury could very well understand. The other phrase is too much objected to by many respectable courts to commend its adoption into judicial use. The rule of reasonable doubt was itself settled upon to rid the law of a great variety of loose and confused definitions and phrases which had been from time to time adopted by different judges to express the judicial idea.

No other question in the first bill of exceptions was much relied upon by counsel, and none needs particular examination by the court.

A bill of exceptions is taken to the overruling a motion in arrest of judgment. The complaint is that the judge told the jury that the fourth count in the indictment was not proved, and still a general verdict was rendered covering that count. The objection cannot be taken upon a motion in arrest. The indict-

ment itself is sound. The respondent should have requested a correction of the verdict before it was affirmed, or should have moved after verdict that the same be set aside, in order to make his objection available. But the point may as well be considered under the motion filed.

There are four counts in the indictment. The first charges the forgery of an order to defraud Frank E. Snow. The second charges the same thing with some unessential difference. The third charges uttering the same order to defraud Frank E. Snow. The fourth charges the same forgery to defraud the Maine Saving's Bank. Here but one offence was charged. But a single act was complained of. Forging and uttering the same paper may or may not be distinct offences. Here they were not. The crime perpetrated was a single act, one transaction.

It was proper to render a general verdict. The counts were good in form and for one offence. A verdict of guilty means that the offence was committed in some one of the forms alleged. Separate verdicts of guilty might have been repugnant to each other. As the jury were instructed to disregard the fourth count for want of evidence applicable thereto, the presumption is that the verdict was founded upon some other count, else a verdict of not guilty would have been rendered. The judgment can be granted upon the other counts and restricted thereto, or a *nolle prosequi* may be entered as to one of the counts or more. The record would be the most in accordance with the evidence as viewed by the court and disclosed by the case, to enter a *nolle prosequi* as to the last two counts; the others to stand. 1 Bish. Cr. Proc. 3d ed. § 1015; *Carlton* v. *Com.* 5 Met. 532; *Crowley* v. *Com.* 11 Met. 575; *Com.* v. *Desmarteau*, 16 Gray, 1; *Com.* v. *Carey* 103 Mass. 214; *Com.* v. *Railroad*, 120 Mass. 372; *Com.* v. *Railroad*, 133 Mass. 383; *State* v. *Whittier*, 21 Maine, 341; *State* v. *Wright*, 53 Maine, 345.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.
LIBBEY, J., did not concur.