Richmond, P. J.,
delivered the opinion of the court.
Plaintiff, Mitchell, brought this action for the purpose of recovering the sum of $302.50, alleged to be due upon three different claims against the defendants, which were assigned for a valuable consideration to him. Three causes of action are enumerated in the complaint to which demurrers were interposed and overruled. Thereupon the defendants, Jacobs, Wilder, Bowles and Mason answered by general denial. Default was entered as to McMichael.
The cause was tried to a jury and resulted in a judgment for the amount claimed with interest. Defendants seek to reverse this judgment on this appeal and assign several errors.
At the trial defendants sought to prove, under the general issue, that one Mackey furnished the funds to purchase the claims sued upon. This evidence was properly rejected by the court as immaterial and incompetent.
Conceding that Mr. Mackey furnished the money for the purpose of purchasing the claims, it does not follow that the plaintiff was not the bona fide purchaser, the legal assignee of the claims declared upon, and real party in interest.
The next alleged error is in the instructions delivered by the court.
The record discloses that the defendants excepted to the instructions generally in the following language : “ Defendants except to the instructions in each and every part thereof.”
It is a well settled rule of the supreme court of this state that general exceptions taken in this way are not sufficient, since it is evident that they do not point out any specific objection,' so as to afford the trial court an opportunity for reviewing and correcting the charge, if found erroneous. Edwards v. Smith, 16 Colo. 529.
*458 This brings us to the last and only question: Did the court err in delivering the instructions orally without consent of the defendants ? No exceptions were taken to the ' delivering of instructions in this manner prior to the motion for a new trial, and we do not think that the defendants are in a position to now insist that the verdict and judgment which was manifestly correct should be reversed. If the objection to the giving of the instructions orally had been interposed at a time when the court could have acted upon it, our conclusion would be different. It has been held by the supreme court that objections to instructions should be made in such time and manner as to give the trial court an opportunity to correct the same if found erroneous. * * * “ Any other rule would enable a party to sit silently by, knowing that some error had been committed against his interest, of which perhaps no other person was aware at the time, and thus take the chances of a verdict in his favor, while having the sure means of setting aside the verdict if it happened to be against him. The law in this jurisdiction never has permitted, and it is to be hoped that it never will permit, such experiments with judicial proceedings. There will always be enough important questions to review in the appellate courts if parties are required to be vigilant to prevent error in the trial courts.” R. & R. G. R. Co. v. Ryan, 17 Colo. 98; Wray v. Carpenter, 16 Colo. 271.
The fact that counsel did not prepare and request any instructions, and allowed the court to instruct the jury orally without objection, brings them within the above rule, and the court had a right to assume that counsel would not invoke the statutory requirements for the purpose of reversing the judgment if unfavorable to them.
We see no error that would warrant a reversal of this judgment, consequently it must be affirmed.

Affirmed.