## No. 11,304.

### MANSFIELD v. HARRIS.

Decided March 8, 1926.

Action for money had and received, and for damages. Judgment for plaintiff.

*Affirmed.*

1. . DAMAGES—*Measure—Interest.* The measure of damages for delay in the payment of money is interest thereon at the legal rate during the period of detention.

2. APPEAL AND ERROR—*Instructions—No Objection Below.* Where there is no objection in the trial court to the giving of instructions, error based thereon will not be considered on review.

3. *Instructions—Rule 7—Exception.* The Supreme Court does not hold that it would not make an exception to rule 7 concerning objections to instructions, where its enforcement would result in a miscarriage of justice.

4. *Exhibits—Abstract.* The appellate court is not obliged to consider exhibits which do not appear in the abstract of record.

5. *Amendments—Harmless Error.* Where an amendment, if allowed, would not have changed the result of an action, error, if any, in denying it was not prejudicial.

*Error to the District Court of Garfield County, Hon. Francis E. Bouck, Judge.*

Mr. LAWRENCE BOTHWELL, Messrs. NOONAN & NOONAN, for plaintiff in error.

Mr. FRANK DELANEY, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for money had and received, and for damages for the detention of other moneys. To review a judgment for plaintiff, defendant brings the cause here.

The amended complaint contains three causes of action. The first alleges, in substance, that plaintiff sold a tract of land in Eagle county to one Darien; that Darien deposited in a bank of which defendant was cashier the sum of $13,500 to apply on the purchase price, and that out of said money the defendant wrongfully converted to his own use the sum of $1,175. As to the second cause of action, the verdict was for defendant, and that cause of action need not be described. The third cause of action alleges, in substance, that one W. H. Harris sold certain real estate to one Shehi; that Shehi deposited various sums in the bank for the use of Harris, on account of the purchase price; and, that defendant retained various sums thereof, for certain periods of time. It is further alleged: "That by reason of the wrongful use and withholding of said money by defendant the said W. H. Harris was damaged in a sum equivalent to the legal rate of interest on the money so used and retained by defendant, and that on account of such use and withholding the said defendant had the benefit of said money and that the use of the same was reasonably worth eight per cent per annum."

The plaintiff in error contends that the court erred in refusing to direct a verdict for defendant as to this third cause of action. It is claimed that defendant did not have the use or benefit of the money involved. The fact remains, however, that, according to the evidence, he detained it from Harris. Harris testified that he never

authorized defendant to retain it for any length of time or at all. It is also claimed that plaintiff was not entitled to recover the legal rate of interest on the amounts retained during the time retained. It is seen from the allegations of the complaint, above quoted, that plaintiff was not asking for interest as interest, but as damages. No statute, on interest or otherwise, was necessary to authorize the recovery. In *Brown v. First National Bank*, 49 Colo. 393, 113 Pac. 483, we said: "When a director or officer of a bank has misappropriated its funds, he is liable for interest on the amount from the date of such taking as damages."

In 17 C. J. 864, it is said: "The measure of damages for delay in the payment of money is interest thereon at the legal rate during the period of detention." There was no error in refusing to direct a verdict for defendant.

Error is assigned to the court's giving Instruction No. 8. The record shows no objection to the instruction in the court below. Under rule 7 of this court we cannot consider this assignment under these circumstances. Plaintiff in error argues that we may, under *Tashima v. People*, 58 Colo. 98, 144 Pac. 200, but that case says only what we may say now, namely: "We do not say that we would not make an exception to the rule in a case where its enforcement would uphold a flagrant violation of the rules of law or a miscarriage of justice; but this is not such a case."

Error is assigned to the court's refusal to instruct the jury "that the issue as to whether or not plaintiff sold the home place through the defendant was a matter of law only." There is no merit in this assignment. The exhibit as described in the brief does not sustain the contention. Furthermore, the exhibit is not set forth in the abstract, and we are not obliged to consider it. *Zall Jewelry Co. v. Stoddard*, 68 Colo. 395, 190 Pac. 506.

The defendant below, in addition to an answer, filed also a counterclaim asking for commissions aggregating the sum of $1,837.50 alleged to be due him from plaintiff

on account of defendant's services as agent in the sale of lands other than the lands hereinbefore mentioned. The court sustained plaintiff's motion for a nonsuit as to this counterclaim.

Plaintiff in error contends that the court erred in denying defendant leave to amend the cross-complaint, after the introduction of testimony, by substituting the words "purchase price" for the words "sum realized" in the allegation to the effect that defendant was entitled to commissions based on the "sum realized" above a certain amount. The motion for nonsuit, which was sustained, was based on several grounds, and it is not shown in the argument that a different result would, or ought to have, followed in case the amendment had been allowed. It does not therefore appear that the alleged error complained of, if it was error, was prejudicial.

There is no reversible error in the record. The judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.