No. 11,853.

WEBB *v.* THE PEOPLE.

Decided December 12, 1927.

Plaintiff in error was convicted of forgery.

*Reversed.*

1. CRIMINAL LAW—*Inconsistent Verdicts.* Where an information contains two counts, one for forging a promissory note and the other for forging, uttering and passing the same instrument, and there are verdicts of not guilty on the first count and guilty on the second, each destroys the other, and no valid sentence of guilty can be pronounced.

2. *Inconsistent Verdicts—Former Jeopardy—Appeal and error.* Where under an information charging forgery in the first count, and forgery, uttering and passing the same instrument in the second count, there are verdicts of not guilty under the first count and guilty under the second, remand for a new trial for any other error would be useless, since defendant could urge successfully a plea of former jeopardy on a new trial.

*Error to the District Court of the City and County of Denver, Hon. Frank McDonough, Sr., Judge.*

1

Messrs. DANA, BLOUNT & SILVERSTEIN, Mr. HARRY G. SAUNDERS, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. WILLIAM W. GAUNT, Assistant, for the people.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant, Mrs. Nellie Webb, sued out this writ to review a judgment sentencing her to the state penitentiary for a period of not less than one, and not more than two, years. The information on which she was tried contains two counts. The first charges defendant with forgery of a certain promissory note in the principal sum of $500, payable to herself, Nellie Webb, and purporting to have been made by Olga L. Schmitz on May 19, 1926, with the intent to damage and defraud Olga L. Schmitz and some other person to the district attorney unknown. The second count charges that the defendant, with the same intent, forged a certain promissory note, which is described in precisely the same language as that employed in the first count, and that she did falsely utter and pass to Walter H. Schmitz as true and genuine the false, forged and counterfeit instrument aforesaid, with intent to prejudice, damage and defraud said Walter H. Schmitz and some person to the district attorney unknown, well knowing the same to be false, forged and counterfeit.

In other words, stripped of technical terms, in the first count the defendant is charged with forgery of a promissory note, and in the second count with forging, uttering and passing the same instrument. We thus have, perhaps, with unnecessary repetition, stated the contents of these separate counts because, as the jury found the defendant guilty under the second count of forging, uttering and passing the very note which the

jury found under the first count she did not forge, this course is the best way to demonstrate that the two verdicts are irreconcilable, each flatly contradicts, is repugnant to, and destroys, the other. No valid sentence of guilt can be pronounced under either verdict. *Bigcraft v. People,* 30 Colo. 298, 70 Pac. 417; *People v. Whitson,* 74 Ill. 20; *Commonwealth v. Haskins,* 128 Mass. 60; *State v. R▮▮▮▮,* 142 Mo. 439, 44 S. W. 266; *Tobin v. People,* 104 I▮▮ ▮▮▮▮▮▮*Richards v. Commonwealth,* 81 Va. 110; *Commonw▮▮ ▮▮v. Lowrey,* 158 Mass. 18, 32 N. E. 940; *State v. Rounds,* 76 Me. 123; *Kuck v. State,* 149 Ga. 191, 99 S. E. 622; *State v. Akers,* 278 Mo. 368, 213 S. W. 424; *People v. Harrigan,* 218 Mich. 235, 187 N. W. 306.

Other assignments of error have been elaborately argued by respective counsel; such as insufficiency of the evidence, in any view of the case, to justify conviction; the court's refusal of defendant's requested instruction that forgery or counterfeiting the handwriting of another must be with intent to damage or defraud the particular person named in the information; refusal to permit defendant to elicit on cross-examination of the handwriting expert, upon whose testimony alone was there any evidence of forgery, the amount of his compensation for his evidence; no evidence of any intent to defraud any particular person. We do not pass upon any of these other questions because there is no verdict upon which defendant can be legally sentenced, and a reversal for a new trial upon any of the other grounds would be useless since the verdict of the jury finding the defendant not guilty under the first count would entitle her to urge successfully the plea of former jeopardy upon either ground of the information.

The judgment is therefore reversed, and the cause is remanded with instructions to the district court to vacate its judgment and to discharge the defendant.