## No. 12,463.

### EVERETT v. COLE.

Decided November 4, 1929.

Mr. D. B. KINKAID, for plaintiff in error.

Messrs. TODD & UNDERWOOD, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and we hereinafter refer to them thus, or by name.

Plaintiff says he sold to defendant, a butcher in Lamar, Colorado, 700 pounds of meat at 50 cents per pound, for which the latter refused to pay, and demands judgment accordingly. Defendant says he was not a purchaser, but plaintiff's agent to sell on commission, and that, through no fault of his, nothing was sold, hence he owes nothing. A verdict was returned for plaintiff for the full amount of his demand. To review the judgment thereupon entered defendant brings error and asks that the writ be made a supersedeas.

Cole, a member of the bar in active practice at Lamar, unmindful of the ancient saw that "The law is a jealous mistress," operated a ranch in the adjoining county of Baca, which is bounded on the south by the state of Oklahoma. On this ranch he kept, inter alia and inter-

mittently, a buffalo bull. This animal, according to its owner, "wasn't wild," but "didn't pay much attention to fences," and "moved once in a while." In the course of his resultant peregrinations he wandered into our sister jurisdiction to the south, and the opening scene of this litigation found him a prisoner in the barn of one Wash Weeks, north of Guymon, Oklahoma. The time was the middle of December, 1927. Christmas was approaching and plaintiff conceived the idea of adding to the general festivities and at the same time subtracting from his personal troubles by slaughtering the fugitive and selling his carcass. Thereupon he conducted such negotiations with defendant as resulted in the animal being slain in its then situs, hauled by auto trailer to Colorado and hung in defendant's butcher shop. Some days later, and before any of the meat was sold, it was condemned by a food inspector. The evidence supports the conclusion that its condition was chargeable to defendant. Thereupon it was removed from defendant's place of business and we see it no more.

This cause came to issue April 25, 1928, and two days later was tried to a jury, which disagreed. Seven months thereafter it was again submitted with the same result. April 22, of the present year, a third jury, perhaps mindful of the maxim "Interest republicoe ut sit finis litium," returned the verdict here in question.

The seven assignments of error amount only to the contentions that the verdict is unsupported by the evidence, and that the court gave three erroneous instructions.

The following extracts from the brief of defendant's counsel clearly disclose his untenable position on the question of evidence: "The unreasonableness of the testimony of defendant in error is quite striking"; "It is rather difficult to believe that the plaintiff in error * * * would agree," etc.; "It appeals to us that that was a reasonable proposition." What was difficult and what was easy of belief, what was reasonable and what

was unreasonable in the evidence, was for the jury, not this court. These arguments are addressed to the wrong tribunal. We may think plaintiff's story unreasonable, or find it difficult of belief, but it was competent, material and relevant, and in every detail supports this verdict. Beyond that we can not go.

 We have examined the instructions in question and are satisfied they fairly state the law. We neither quote nor discuss them because the record discloses no objection thereto. Defendant's counsel says objections had been specifically made at the previous trials and were well known to the court in this. He furthermore maintains that such objections were covered by his motion for a new trial, and since the failure of the record to disclose those objections was not urged on the hearing on that motion it was waived. In each of these contentions he is in error. The records of the former trials are not before us, and could not be considered if they were. Except by stipulation or proper order to the contrary, every judgment depends upon its own record only. No presumption of the judge's knowledge of counsel's position in this trial, with respect to instructions, could be indulged from his position on the same subject in a former trial. First, because we do not know the same judge sat in each, and second, because if he did, it would be improper for him to assume that counsel intended to take the same position in each.

█ As to the alleged waiver we do not know what reasons were urged against the motion for a new trial, since it is not required that such reasons be in writing and the record is silent concerning them. Moreover, our rule No. 7 requires that specific objections be made to proposed instructions "before such instructions are given to the jury," and that "on review by the Supreme Court, only the grounds so specified shall be considered." One purpose of the rule is to compel parties to present their contentions in the proper form and at the proper time, to the end that litigation be orderly and expedi-

tious. No waiver of a failure to comply with that rule can be binding here. Were it otherwise everything might be waived below and this thus be converted by stipulation into a trial court.

In addition to all the foregoing we observe that the amended answer in this cause is a perfect negative pregnant throughout. Hence the allegations of the complaint stand admitted. Bliss on Code Pleading (3d Ed.), p. 483, §332; *Lozier v. Hannan,* 12 Colo. App. 59-61, 54 Pac. 399; *Spencer v. Turney & Co.,* 5 Okla. 683, 49 Pac. 1012.

For the foregoing reasons the judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE MOORE concur.