**ACEVEDO v. UNITED STATES.**
· No. 2478.

Circuit Court of Appeals, First Circuit.
May 28, 1931.

ANDERSON, Circuit Judge, dissenting.

Benicio Sanchez, of San Juan, Porto Rico, for appellant.

A. Chesley York, Asst. U. S. Atty, of Boston, Mass. (John L. Gay, U. S. Atty., and Jose Ramon Quinones, Asst. U. S. Atty., both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the Federal District Court of Porto Rico sentencing the defendant, appellant, to imprisonment for a year and a day in the penitentiary at Atlanta, Ga.

The defendant was tried on an indictment charging that, on the 14th day of November, 1928, he was duly adjudged a bankrupt on an involuntary petition and that later, on the 16th day of January, 1928, Rafael Dominguez was appointed trustee of his estate, qualified as such, and entered upon his duties as trustee. The indictment contained three counts.

In the first count it was charged that the defendant, having been adjudged a bankrupt as aforesaid and the trustee having been duly appointed, knowingly and fraudulently concealed while a bankrupt from the trustee a Chrysler automobile, license No. 961, belonging to his estate in bankruptcy, and that, after the appointment and qualification of the trustee he continued to fraudulently conceal the automobile, with intent to defraud his creditors, etc.

In the second count he was charged in like manner with knowingly and fraudulently concealing the sum of $630, more or less, it being a part of the assets of his estate, as a merchant.

In the third count the charge was the concealment of certain goods, wares, and merchandise of the aggregate value of $2,500, more or less, being a part of a stock of goods held by him as a merchant.

The jury returned a verdict in which they found "the defendant guilty as charged in the indictment" and the court entered judgment thereon sentencing the defendant as above stated.

The errors assigned are that the court erred in the admission of certain evidence; in refusing to strike from the record certain evidence; in not directing a verdict for the defendant; in denying his motion in arrest of judgment; and in entering judgment upon the verdict.

The only exception to evidence here relied upon, and which it is claimed the court erroneously admitted and afterwards refused to strike from the record, was given by one

Quintana, a witness for the government, to the effect that, during the month of October, 1928, he saw the defendant and had a conversation with him at a meeting of his creditors in the Chamber of Commerce at San Juan; and that, at that time, the defendant stated to the witness that he had a branch store on Comerio street in Bayamon; that he had a sufficient supply of merchandise in that store; that two brothers of his were in charge of this branch store; and that, at times when the witness was present at the defendant's main store in Bayamon, he had seen part of the merchandise that would arrive there sent to the branch store on Comerio street.

The defendant takes nothing by this assignment of error, either as to the reception of the evidence or the refusal to strike it from the record. It was all competent upon the question of whether or not the defendant owned the store and the stock of goods at Comerio street, which concerned the charge in the third count of concealing his goods.

■ The ground relied upon in the assignment that the court erred in denying defendant's motion in arrest of judgment is that the indictment is duplicitous—that in it are joined three distinct offenses. It is true that the offenses charged in the indictment are distinct, but it is not true that all three offenses are charged in a single count. There are three counts, and each count charges a distinct offense. The transactions were all of the same class of crimes and were properly joined in one indictment as separate counts. Rev. St. § 1024 (18 USCA § 557).

■ The main question in the case is whether there is any substantial evidence from which the jury could find the defendant guilty on any one or all of the counts. We think there was no evidence to warrant a verdict of guilty upon either the first or second count.

The first count charged the unlawful concealment of a Chrysler automobile. The evidence as to that tended to prove that in September, 1928, the defendant made a conditional sale of the automobile to one Jose Pares; that he returned it in the schedule of his property to the bankruptcy court; and that, on the request of the trustee, he caused it to be turned over to the trustee.

The second count charged the defendant with concealing $630 belonging to the estate in bankruptcy. There was evidence that there was due his estate an account receivable for about $630, for goods sold by the defendant as a merchant to another merchant; but the evidence from a witness introduced by the government was that this account had not been paid the defendant and was still owing. It is true that there was evidence that while the bankruptcy proceedings were pending and after the trustee had been appointed, a brother of the defendant had collected $10 of this account, but there was no evidence that the defendant knew of this or that he ever received any of the money. There was no count charging the concealment of accounts receivable.

■ But, as to the third count, charging the defendant with concealing merchandise, the evidence showed that the defendant, shortly before he was adjudged a bankrupt, stated that the branch store with its stock of goods at Comerio street was his, and that it was in charge of his two brothers. There was also evidence that, on the arrival of the goods at his main store in Bayamon, some of the goods so arriving would be sent to the branch store on Comerio street; also, that the trustee in bankruptcy, after he was appointed, instituted a proceeding against the brothers in charge of the branch store to show cause why they should not turn over the merchandise to him as a part of the bankrupt's estate; and that they turned it over. By what right these brothers were withholding the merchandise in the Comerio street store from the trustee was not disclosed; they were not called and did not testify. The only evidence in relation to that was given by an attorney, acting for the brothers in the order to show cause proceeding. In his testimony he stated no ground of claim in behalf of these brothers. The substance of what he testified to was that after hearing the testimony before the referee on the motion or proceeding to show cause, he advised the two brothers to turn over the property, which they did, and that they could then proceed by a plenary bill. There was also evidence that the defendant did not return the merchandise in the store at Comerio street in his bankruptcy schedules. The jury might find from this evidence that the merchandise at the Comerio street store belonged to the bankrupt's estate and that the defendant, by not returning it in his schedules, was undertaking to conceal it from the trustee in bankruptcy.

■ There is nothing in the record on which to base the assignment that the court erred in entering judgment against the defendant on the verdict. The charge to the jury is not reported. It is, therefore, to be presumed that they were properly instructed; and, as the counts charged distinct offenses, that they were told to consider each count and the evi-

dence relating thereto separately. It is also to be presumed, there being nothing in the record to the contrary, that the jury, in their deliberations, passed upon each count separately in reaching their verdict. This being so, the sentence imposed was proper, if there was evidence to support a finding of guilt on any one of the counts. See Commonwealth v. Carey, 103 Mass. 214, 216.

The indictment was seasonably brought. Section 29d of the Bankruptcy Act of 1898, as amended by Act May 27, 1926, § 11 (11 USCA § 52(d).

The judgment of the District Court is affirmed.

ANDERSON, Circuit Judge, dissents.