No. 14,334.

ELSTUN *v.* THE PEOPLE.
(91 P. [2d] 487)

Decided April 10, 1939.   Rehearing denied June 12, 1939.

Mr. JOHN T. ADAMS, Mr. JAMES T. BURKE, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Reid Williams, Assistant, for the people.

*En Banc.*

Mr. Justice Bock delivered the opinion of the court.

This case was tried jointly with *Grandbouche v. People,* 104 Colo. 175, 89 P. (2d), 577, and is before us on the record filed in that case. The assignment of errors are substantially the same as in the Grandbouche case, with two exceptions, and our holdings therein need not be repeated here, and there is no occasion for again reciting the facts.

Elstun was found guilty on only the second count—conspiring to commit false pretenses. He was found not guilty on the fourth and fifth counts, which charged conspiracy to commit a confidence game and cheating and swindling.

The guilt of Elstun on the second count is evident. While he was not in control of Collateral Bankers, Inc., he was its president and daily participated in the dealings of the company, commencing in January, 1935, until its business closed, and had full knowledge of its activities. He signed all of the stock certificates submitted in evidence and countersigned the checks of the company; his duties involving also looking after its short-time loan business, and therefore he knew what was, and what was not, being accomplished in that department. Conversations between him and his codefendant Hewitt, involving transactions with the company, are indicated in the record. He opened all mail whenever Grandbouche was absent; had full knowledge of the financial status of the company at all times, and was familiar with all the circumstances and dividend manipulations which play such an important part in this case. This participation in committing the offense of which he was found guilty was not in the same degree as Grandbouche, and

he did not participate to any great extent in the funds and securities procured. The trial court, in imposing sentence of not less than two and one-half years and not more than five years, gave proper consideration to that difference. There was ample evidence from which the jury could properly find Elstun guilty of the offense charged in the second count of the information.

Two propositions not involved in the assignment of errors in the Grandbouche case require our consideration. First, assignment No. 21, which is identical with paragraph 11 of the motion for a new trial, and reads as follows: "21. The court erred in not permitting this defendant's attorney to see the instructions before the same were given to the jury and directing him to make his objections after the arguments were made, thereby depriving this defendant of an opportunity to tender instructions which were not covered by the instructions already given and further in agreeing to give an instruction covering circumstantial evidence and later withdrawing the same without knowledge or consent or notice to this defendant or his attorney. Had counsel known that said instruction was to be withdrawn, the same would have been tendered and shown by the record to have been tendered by the defendant."

Second, assignment No. 22, reading: "22. The court erred in giving multiple instructions on the selfsame point which could not do otherwise than confuse the jury."

Primarily involved in these assignments is our Rule 7, which says: "Counsel shall present to the trial court, *at or prior to the close of the evidence,* such instructions as they may desire. The court shall afford respective counsel a reasonable time and opportunity to examine proposed instructions, whether requested, or to be given by the court of its own motion, and to prepare and present specific objections thereto before such instructions are given to the jury. On motion for new

trial, or on review by the Supreme Court, only the grounds so specified shall be considered.'' (Italics ours)

The record shows that the objections to instructions were made after the jury had returned its verdict. Counsel for the people and the defense submitted to the court certain instructions with the request that they be given to the jury in their respective behalfs, and the court, after examining them and hearing and considering the arguments of counsel for and against the giving thereof, submitted to counsel for the respective parties the written instructions which it proposed to give as the instructions in the case, and heard and considered the arguments and suggestions of respective counsel concerning the proposed instructions. The record discloses that approximately four hours were consumed in arguments on these instructions. The trial court granted counsel leave to dictate for the record, *after the close of arguments to the jury and after the jury had retired to consider its verdict,* their objections and exceptions as to instructions given to the jury, and their exceptions to the refusal of the court to give to the jury the instructions asked in behalf of the respective parties. The record further discloses that after the instructions were given and the jury had retired, counsel for Elstun called the court's attention to the matters raised in assignment 22. No objections were made or exceptions noted. After the verdict was returned specific objections were made to a number of instructions. Thereafter, immediately before argument on the motion for a new trial, after the court had read the 11th ground of said motion (which is identical with assignment No. 22), it stated, among other things: ''I do not think the ground of the motion is in substantial conformity with the facts of the case. * * * As the court recalls it, the matter of presenting the objections to the instructions, they were to be considered as given at the time the instructions were considered in chambers. Counsel were given the opportunity to see all of those instructions. * * *

The matter of the instructions on circumstantial evidence was considered and discussed. * * * The instruction on circumstantial evidence that was finally given was in conformity with one particular decision of our Supreme Court. * * * The court did not at any time undertake to prevent counsel from saving the record by making such objections as might be made. * * * The court understood, and I think counsel understood, that the objections to the instructions should be considered as being taken at that time, but in order to give counsel ample opportunity to make full and complete objections to the instructions, they were permitted to do so after the arguments in the case. * * * As counsel know, during the time the instructions are being considered, or tendered, or offered, or being given by the court, there are many questions that come up, and unless counsel have an opportunity to point out the particular weakness of the instruction given, the particular failure of the instruction to state the law, that ordinarily the objection is not considered good by the Supreme Court; therefore, where you make general objections to the instructions and call particular points to the court's attention and they are considered, it is always considered, when those objections are made afterwards they will go in the record. * * * I do think the instruction given on circumstantial evidence, considered in connection with the other instructions of the case, fully covered the law, it probably did not go into detail to the extent that the instruction that the court considered giving, and the instruction that was considered, but it was not tendered by counsel."

These remarks of the court were made immediately prior to the argument, during which the following colloquy took place between the court and counsel:

"The Court: I understand, on that eleventh ground of the motion, that that is not being presented by the defendant, in the Elstun case, now.

"Mr. Gertz: I did not know he had withdrawn it.

"Mr. Burke: I am not arguing it at all."

This would indicate that counsel for Elstun, in his argument on the motion for a new trial, waived assignment 21. Be that as it may, it is clear that Rule 7 of this court was disregarded, in that specific objections to the instructions were not made before such instructions were given to the jury. We have on numerous occasions stressed the importance of observing this rule. We refer to some of the cases in point.

In *Blanchard v. People,* 74 Colo. 431, 432, 222 Pac. 649, the defendant complained of the instructions of the court, but no objections were made to them when given, in compliance with Rule 7. We there said:

"Counsel, having failed to make specific objections to the instructions before they were read to the jury by the trial court, is precluded, under the rule, from asking this court to review the instructions, except only upon the grounds so specified in the court below. In this state of the record the defendant is not in a position to now urge any objections to the instructions.

"The rule is a salutary one. When instructions are about to be given to the jury, counsel may not sit idly by and allow improper instructions to be given, without proper and specific objections thereto, in time for the court to correct the instructions before giving them to the jury. It is not in furtherance of justice to permit them to lie in wait and catch the court in error for the purpose of obtaining a reversal."

In *Everett v. Cole,* 86 Colo. 414, 282 Pac. 253, plaintiff in error contended that, under the circumstances, there was a waiver of the requirement that he state his objections under our Rule 7. Speaking through Mr. Justice Burke, we said (p. 417): "Moreover, our rule No. 7 requires that specific objections be made to proposed instructions 'before such instructions are given to the jury,' and that 'on review by the Supreme Court, only the grounds so specified shall be considered.' One purpose of the rule is to compel parties to present their con-

tentions in the proper form and at the proper time, to the end that litigation be orderly and expeditious. No waiver of a failure to comply with that rule can be binding here. Were it otherwise everything might be waived below and this thus be converted by stipulation into a trial court.''

This, in a measure, answers the contention of counsel for Elstun that the trial court waived the rule to make objections and save exceptions before such instructions are given to the jury. See, also: *Koontz v. People,* 82 Colo. 589, 263 Pac. 19; *Colorado Utilities Corp. v. Casady,* 89 Colo. 168, 300 Pac. 606; *Gilligan v. Blakesley,* 93 Colo. 370, 26 P. (2d) 808; *Jacobs v. Mitchell,* 2 Colo. App. 456, 31 Pac. 235; *Colorado Midland Co. v. Edwards,* 24 Colo. App. 350, 365, 134 Pac. 248.

We have made exceptions to this rule, where its enforcement would result in a miscarriage of justice. *Tashima v. People,* 58 Colo. 98, 102, 144 Pac. 200; *Mansfield v. Harris,* 79 Colo. 164, 166, 244 Pac. 474. The instructions given in the present case did not result in a miscarriage of justice. These assignment of errors are without merit.

■ The other proposition with which we are concerned is whether the trial court committed error in denying defendant's motion for a directed verdict of not guilty on the second count, and to set aside the verdict of guilty on that count, as well as defendant's plea of autre fois acquit. This raises the question of inconsistency and repugnancy of verdicts. Elstun was charged in five counts with conspiring to commit the crimes of: (1) Larceny by bailee; (2) obtaining money and certain securities by means of false pretenses; (3) embezzlement; (4) confidence game; and (5) cheating and swindling in the sale of stock. At the close of the people's case the district attorney withdrew counts one and three. The same conspiracy and transaction is charged in the three remaining counts, and it is the same as to parties, time, place and evidence. Elstun was found guilty on the sec-

ond count and not guilty on the fourth and fifth counts. While only the offense of conspiracy is charged, there does exist a difference in the substantive offenses, to commit which the defendant is alleged to have conspired with others.

The fourth count charges a confidence game, wherein proof is necessary that the confidence game was predicated upon certain instruments or devices other than mere words. In the fifth count, charging cheating and swindling, the "defense that the statements or promises of the defendant concerned the future and did not refer to present or past facts," does not exist. Be that as it may, this court has expressly held that under the circumstances as they appear here, no error was committed by the trial court in denying the motions of the defendant.

In *Crane v. People,* 91 Colo. 21, 28, 11 P. (2d) 567, this issue was squarely before us. In that case the information contained eleven counts. At the close of the people's case the district attorney withdrew six of the counts. The jury returned a verdict of guilty on one count and not guilty on the remaining four. It was there contended by Crane: (1) That the withdrawal of the six counts amounted in law to verdicts of acquittal on all; (2) that the verdicts of not guilty on the four counts were inconsistent with, and hence rendered impotent, the verdicts of guilty on the second count. The eleven counts varied in statement, and even, in some instances, as to the particular offense which it is charged the acts complained of constitute, but were treated in the court's opinion as identical. In that case we cited with approval *Dunn v. United States,* 284 U. S. 390, 52 Sup. Ct. 189, 76 L. Ed. 356, against the legal principles for which counsel for Elstun here contend, and said: "Suffice it here to say that, convinced that no peril to personal rights can arise from the establishment of the Kansas rule, that the administration of the criminal law will be greatly simplified by following it, and met by the conflicting conclusions of state and federal courts, we now elect to over-

rule the Webb case and follow the highest judicial tribunal of the nation." The Webb case mentioned is *Webb v. People,* 83 Colo. 1, 262 Pac. 906. Mr. Justice Campbell delivered the opinion in that case and concurred in the opinion in *Crane v. People, supra.*

Counsel for Elstun cite two cases decided by us subsequent to the Crane case; namely, *Chilton v. People,* 95 Colo. 268, 35 P. (2d) 870, and *Hurley v. People,* 99 Colo. 510, 63 P. (2d) 1227. In neither of those cases is there any reference to *Crane v. People, supra.* In the Chilton case Mr. Justice Holland delivered the opinion of the court, in which Mr. Justice Hilliard concurred; Mr. Justice Butler and Mr. Justice Bouck concurred in the conclusion; Mr. Justice Campbell did not participate. It is reasonable, therefore, to assume that the concurrences in the conclusions related to that portion of the opinion which stated that the evidence did not support the verdict. In the Hurley case the defendant was charged with unlawfully practicing medicine without a license and with unlawfully practicing chiropractic without a license. He was convicted on both counts. There was a unanimous opinion en banc, and we said (pp. 516-517): "Applying to the record the general intelligence test introduced by the Doctor, we still think plaintiff in error was not practicing medicine. * * * Clearly, he was not practicing chiropractic." In other words, the evidence was insufficient to support the verdicts. The holding in that case, therefore, that these two verdicts of guilty were inconsistent and repugnant may be considered as obiter dicta.

Reverting to *Crane v. People, supra,* Mr. Justice Burke, who delivered the opinion of the court, goes fully into the reason why the enforcement and administration of the criminal law is better served by following the authorities cited with approval and sustaining the opinion in that case.

Under our criminal jurisprudence we have surrounded one who is charged with a criminal offense with constitu-

tional safeguards against the exercise of arbitrary power by courts, one of which is trial by jury. There are a number of others, all necessary to protect the liberties of men. To retain the right of trial by jury it is necessary that the system remain practicable and workable, and that we do not erect barriers which are not predicated upon sound interpretations of constitutional principles and inconsistent with the practical means used by a jury in reaching its conclusions.

The record discloses to our satisfaction that the defendant had a fair and impartial trial.

The judgment is affirmed.

MR. JUSTICE FRANCIS E. BOUCK not participating.