**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Andrew T. McCOY, Defendant–Appellant.**

### No. 94CA1941.

Colorado Court of Appeals, Div. III.

Dec. 27, 1996.

Rehearing Denied Jan. 30, 1997.

Certiorari Denied Oct. 20, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul Koehler, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Andrew McCoy, appeals the judgments entered on a jury verdict finding him guilty of first degree assault, first degree motor vehicle theft, attempted reckless manslaughter and conspiracy to commit first degree murder. We affirm.

Defendant, the sixteen-year-old stepson of the victim, lived at home with his father and the victim. Approximately three weeks prior to the criminal episode here, the father and his wife took a homeless boy, Michael Breaux, into their home to live with them. They treated Breaux as a second son, and were unaware that he may have had certain psychological problems.

On the evening of June 27, 1993, defendant, Breaux, and a mutual friend were together at defendant's residence. After the McCoys had gone to bed, Breaux told the others that he wanted to do "something big," which, in his mind, was the commission of a major crime such as the killing of a large number of people. Defendant suggested the possibility of killing his father and his stepmother, and the boys then started planning how to shoot the victim.

After defendant's father left for work in the morning, the three boys went to the storage room and retrieved a crossbow that was kept there. Defendant showed Breaux how to use the bow. Breaux then entered the bedroom, and shot the victim in the back with the crossbow, causing injuries that resulted in a debilitating paralysis. Neither the friend nor defendant had entered the

bedroom. Subsequently, the three left the scene in defendant's father's car.

## I.

Defendant contends that the trial court violated his constitutional rights to present a defense, to a theory of defense, and to compulsory process, and created an impermissible presumption of guilt on the issue of *mens rea* when it refused to admit expert testimony pertaining to the mental health of the principal actor, Michael Breaux. We find no error.

Prior to trial, defendant moved for discovery of records of the prior assaultive behavior of Michael Breaux and that expert testimony pertaining to Breaux's mental health be admitted at trial. The trial court ordered discovery of the records, but reserved ruling on the admissibility of such records until trial. Twice thereafter, defendant filed addenda to his motion concerning Breaux's mental health in the form of further offers of proof. After two hearings held in regard to defendant's motions, the trial court again reserved its ruling on admissibility until trial.

In August 1994, defendant petitioned the Colorado Supreme Court for a writ of mandamus to direct the district court to admit evidence of Breaux's mental history. According to the defendant's brief, the Supreme Court denied the petition.

During the trial, at the close of the prosecution's case, defendant renewed his motion to admit expert testimony regarding Breaux's mental health. The trial court ruled that the testimony was inadmissible, stating that the mental health of Breaux was not relevant to a determination of defendant's actions and mental state before and during the shooting.

 Under CRE 402, only relevant evidence is admissible:

'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Furthermore, CRE 403 provides that, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. A trial court abuses its discretion in excluding relevant evidence, only if it makes a decision that is manifestly arbitrary, unreasonable, or unfair. *People v. Gibbens*, 905 P.2d 604 (Colo.1995).

 An accused in a criminal proceeding has the right to present a complete defense including the presentation of evidence in his or her own behalf. *People v. Pronovost*, 773 P.2d 555 (Colo.1989). Additionally, a defendant is entitled to all reasonable opportunities to present evidence which might tend to create a doubt as to his guilt. *People v. McGrath*, 793 P.2d 664 (Colo.App.1989). Thus, for example, if some supporting evidence is presented, then an accused is entitled to a theory of the case instruction, no matter how probable, unreasonable, or unbelievable that theory may be. *People v. Marquez*, 692 P.2d 1089 (Colo.1984).

Defendant argues that the excluded expert testimony was relevant, primarily in that it related to his *mens rea.* He also argues that the excluded testimony related to the *mens rea* of Breaux and that, since one of the crimes at issue was conspiracy, the *mens rea* of Breaux was a relevant issue.

 Although we agree with defendant that first degree assault and conspiracy to commit first degree murder are specific intent crimes and, thus, defendant's intent is a material issue, we also concur with the trial court's determination that expert testimony concerning Breaux's mental health is not relevant to these issues of defendant's intent.

 Under the complicity theory as to which defendant was convicted, the only relevant issue is the knowledge of the complicitor that the principal is engaging in or about to engage in criminal conduct. *People v. Moore*, 877 P.2d 840 (Colo.1994). Likewise, the crime of conspiracy requires that defendant must have had the intent to promote or facilitate the commission of the substantive

crime and must have agreed to aid in the planning or commission of that offense. *People v. Rodriguez*, 914 P.2d 230 (Colo.1996). Hence, it is only defendant's mental state that is relevant.

■ Accordingly, we agree with the trial court that the excluded expert testimony concerning the state of Breaux' mental health was not relevant to defendant's intent. Under the circumstances here, it is no defense to the crime charged under a complicity theory or to the crime of conspiracy that the person with whom the defendant acted is legally not responsible for the crime.

■ Furthermore, even if we were to assume that expert testimony concerning Breaux's mental health was relevant to defendant's intent, we would conclude that, pursuant to CRE 403, its probative value was, nevertheless substantially outweighed by the danger of unfair prejudice, confusion of the issues, and possible misleading of the jury.

Defendant's additional arguments that the exclusion of expert testimony of Breaux's mental health violates his constitutional right to present a defense and to a theory of defense are without merit. Defendant tendered a theory of defense instruction which was given to the jury. *People v. Marquez*, supra.

Thus, the trial court did not err in excluding the expert testimony, and did not abuse its discretion in excluding the evidence, even if relevant, since its decision was not manifestly arbitrary, unreasonable or unfair. *People v. Gibbens, supra.*

## II.

Defendant next contends that his conviction for first degree aggravated motor vehicle theft must be vacated because the People failed to prove that either he or the other boys used a motor vehicle in the commission of a crime. We disagree.

A reviewing court will not reverse a conviction on a sufficiency of the evidence challenge if the relevant evidence, both direct and circumstantial, when viewed as a whole and in a light most favorable to the prosecution is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. Furthermore, the prosecution must be given every reasonable inference which can be fairly drawn from the evidence. *People v. Gonzales*, 666 P.2d 123 (Colo.1983); *People v. Johnson*, 923 P.2d 342 (Colo.App.1996).

■ A conviction for aggravated motor vehicle theft will be upheld when the evidence shows that a motor vehicle was used in the commission of a crime, including the use of such to flee the scene of the crime. *See People v. Simien*, 656 P.2d 698 (Colo.1983). *See also In re Gaspar D.*, 22 Cal.App.4th 166, 170, 27 Cal.Rptr.2d 152, 154 (Cal.Dist.Ct. App.1994)("use of the vehicle for transportation ... away from the chosen crime scene" constitutes use of "a vehicle in the commission of a felony"); *Langfield v. Department of Public Safety*, 449 N.W.2d 738 (Minn.App. 1990); *City of Worthington Police Department v. One 1988 Chevrolet Berreta*, 516 N.W.2d 581, 584 (Minn.App.1994)("A vehicle used to provide transportation ... from the crime scene has been used to commit ... the crime.").

■ Defendant argues that there was no evidence that he used the motor vehicle in the commission of a crime in that the motor vehicle was taken after the crime of first degree assault had been committed, and that the motor vehicle was not used to commit any other crime. However, since evidence indicated that the motor vehicle was used to flee the scene of the crime of first degree assault, the trial court did not err in entering judgment on the aggravated motor vehicle theft conviction.

## III.

Defendant also contends that the trial court committed error in entering judgment on inconsistent verdicts. We find no reversible error.

### A.

Defendant argues that his convictions for first degree assault and conspiracy to commit first degree murder are inconsistent as a

matter of law with his conviction for attempted reckless manslaughter. We disagree.

We note, first, that, under the doctrine of "invited error," a party may not complain on appeal of an error that he has invited or injected into the case, for he must abide the consequences of his acts. Such doctrine applies to jury instructions. *People v. Zapata*, 779 P.2d 1307 (Colo.1989).

Defendant specifically asked the trial court that the jury be instructed on attempted reckless manslaughter, as a lesser included offense of first degree murder. In response to defendant's request, such an instruction was given to the jury. Thus, he cannot be heard to complain of his conviction on the lesser included offense vis-a-vis the other convictions.

Furthermore, we perceive no inconsistency among the verdicts. Each of the three offenses that are the subjects of the verdicts here is, in fact, a separate offense in the context of the conspiracy and complicity theories that underlie them.

As applicable here, a person commits first degree murder if: "After deliberation and with the intent to cause the death of a person ... he causes the death of that person...." Section 18–3–102(1)(a), C.R.S. (1986 Repl.Vol. 8B). A person acts intentionally "when his conscious objective is to cause the specific result proscribed by the statute defining the offense." Section 18–1–501(5), C.R.S. (1986 Repl.Vol. 8B). One commits conspiracy if "with the intent to promote or facilitate its commission, he agrees with another person or persons that they, or one or more of them, will engage in conduct which constitutes a crime ... or he agrees to aid the other person or persons in the planning or commission of a crime...." Section 18–2–201(1), C.R.S. (1986 Repl.Vol. 8B).

A person commits first degree assault if "with intent to cause serious bodily injury, he causes serious bodily injury to any person by means of a deadly weapon." Section 18–3–202(1)(a), C.R.S. (1986 Repl.Vol. 8B). Serious bodily injury means bodily injury that involves a substantial risk of death or of protracted impairment of the function of any body part. Section 18–1–901(3)(p), C.R.S.

(1996 Cum.Supp.). First degree assault is a specific intent crime. Section 18–1–503(4), C.R.S. (1986 Repl.Vol. 8B).

A person engages in complicity and is, therefore, accountable as principal for another's conduct that constitutes a criminal offense if "with intent to promote or facilitate the commission of the offense, he aids, abets, or advises the other person in planning or committing the offense." Section 18–1–603, C.R.S. (1986 Repl.Vol. 8B). A person commits criminal attempt when he has the intent to perform any act and to obtain a result which, if accomplished would constitute such crime, and takes some step toward commission of the crime. Section 18–2–101(1), C.R.S. (1986 Repl.Vol. 8B).

A person commits reckless manslaughter when he recklessly causes the death of another. Section 18–3–104(1)(a), C.R.S. (1996 Cum.Supp.). A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur. Section 18–1–501(8), C.R.S. (1986 Repl.Vol. 8B).

The record supports a jury finding that, as a conspirator to first degree murder, defendant entered into an agreement with Breaux and another that Breaux and others would engage in conduct constituting murder after deliberation and that defendant entered the agreement with specific intent to promote or facilitate commission of the offense of first degree murder.

At the same time, based on the record, the jury could have found that, as a complicitor to both first degree assault and attempted reckless manslaughter, defendant knew or believed that Breaux intended to cause serious bodily injury through the use of a deadly weapon, while consciously disregarding a substantial and unjustifiable risk that the person would die from the conduct, and that as to Breaux' conduct, defendant intentionally aided, abetted, or assisted him in engaging in the sundry conduct. Thus, the evidence that Breaux' intent to cause physical injury of a nature involving a substantial risk of death does not negate attempting conduct that consciously disregards a substantial risk that death would occur. *See People v. Gon-*

*zales,* 926 P.2d 153 (Colo.App. 1996)(guilty verdicts for first degree assault and attempted second degree murder not inconsistent).

We conclude that none of the elements of any one of the crimes of which defendant was convicted negates any of the elements of the other crimes of which he was convicted. *See People v. Frye,* 898 P.2d 559 (Colo.1995). Indeed, analysis of the verdicts· leads to the conclusion that, in light of the fact that three separate crimes are involved, reasonable jurors could rationally reach the result here through practical and intelligent examination of the evidence. *See Elstun v. People,* 104 Colo. 302, 91 P.2d 487 (1939). *Cf. People v. Atkins,* 844 P.2d 1196 (Colo.App.1992)(where only one crime involved, is inconsistency in murder after deliberation and extreme indifference murder verdicts).

Thus, the verdicts are not inconsistent.

### B.

Defendant also argues that his conviction for conspiracy to commit first degree murder is inconsistent as a matter of fact and law with his acquittal on the charge of attempted first degree murder. We disagree.

Inconsistent verdicts of guilt and acquittal are not prohibited, except under the narrow terms provided in § 18–2–206(2), C.R.S. (1986 Repl.Vol. 8B). *People v. Frye, supra; People v. Gonzales, supra.*

Under § 18–2–206(2), C.R.S. (1986 Repl. Vol. 8B), acquittal of a substantive offense precludes a conviction for conspiracy to commit that same offense only if the evidence relied upon to establish the conspiracy is the very same evidence which was insufficient to prove the substantive offense. *People v. Hood,* 878 P.2d 89 (Colo.App.1994).

If there is any evidence in the record implicating the defendant in a conspiracy, separate and distinct from that supporting the charge on the substantive crime, then the verdicts are not inconsistent. *Pooley v. People,* 164 Colo. 484, 436 P.2d 118 (1968); *People v. Hood, supra.* Such is the case here.

Accordingly, the judgments of the trial court are affirmed.

ROTHENBERG and BRIGGS, JJ., concur.